| 112 | 253 |
| 153 | 121 |
| 112 | 253 |
| 156 | 152 |
| 112 | 253 |
| 65a | 258 |
| 112 | 253 |
| 172 | 627 |

## MATTHEW LAFLIN

## *v.*

## FREDERICK A. HOWE.

*Filed at Ottawa January 22, 1885.*

1. ACTION—*for money had and received—when it will lie. Indebitatus assumpsit* for money had and received, is an equitable action, and lies where one party has obtained money which in equity and good conscience he ought not to be permitted to retain.

· 2. A person purchased by written contract certain city lots, at a certain price per front foot, and at the same time bought of the vendor the buildings on the property claimed to be owned by him, their value and price to be afterward fixed by appraisement, which was done, and the purchaser paid for the whole, and received a deed for the lots. It turned out that one of the buildings, for which $1000 had been paid, did not belong to the vendor, so that no title passed as to it. It was *held*, that the purchaser could recover the price paid by him for such building, in an action for money had and received.

3. MERGER OF CONTRACT—*as to the merger of an original contract in an instrument made in furtherance of its execution—as, in case of a contract of sale of land, and subsequent conveyance.* Where a party, after the execution of a contract for the sale of real estate, makes and delivers a conveyance, in pursuance of the agreement, embracing the entire subject matter thereof, the original contract is extinguished, or merged in the conveyance, and no action will lie on such original contract against the vendor; but when the contract is not only for the sale and conveyance of the land at a given price, but also for the sale of buildings thereon, the price of which is left open for future adjustment by appraisement, a conveyance of the real estate will not operate as a merger or extinguishment of the contract as to the buildings, and in an action to recover for the sum paid for one of the buildings to which the vendor had no title, the original contract was admissible in evidence in favor of the purchaser.

4. An executory agreement, verbal or written, for the performance of distinct and separate provisions, is not merged or superseded by a subsequent deed in execution of a part, only, of such provisions. In such case the prior contract is superseded only as to such of its provisions as are covered by the conveyance made pursuant to its terms, and remains in full force as to all other provisions.

· 5. DIVISIBILITY OF CONTRACT—*as to its separate elements.* Where a party executed a contract for the sale of lots at $400 per front foot, to be paid by a given time, which was expressed not to cover or transfer any buildings upon the lots not owned by the vendor, and further provided that the pur-

chaser was to pay the vendor the appraised value of all buildings owned by him situated on the premises, the mode of appraisal and the time of payment for the buildings not being fixed, it was *held*, that the contract embraced two separate and distinct subjects,—the one relating to the sale of the lots, and the other to a sale of the buildings on a part of the lots,—and that a performance as to one of the subjects did not supersede the agreement as to the other.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. VAN H. HIGGINS, and Mr. A. W. GREEN, for the appellant:

Where money has been paid, under an executory contract, for a deed, and the deed has been made and executed and delivered in pursuance of the contract, an action for money had and received will not lie by the party paying the money, to recover it back. The contract is then an executed one. An action never lies for money had and received, when the plaintiff has received some consideration for his money. *Howes* v. *Barker*, 3 Johns. 506; 94 U. S. 278; 97 id. 319; *Stuart* v. *Simpson*, 1 Wend. 376.

The delivery and acceptance of a deed cancels and extinguishes a prior executory agreement. *Wilbeck* v. *Waine*, 16 N. Y. 352; *Jones* v. *Wood*, 16 Pa. St. 25; *Bull* v. *Willard*, 9 Barb. 641; *Thompson* v. *Christian*, 28 Ala. 399; *Williams* v. *Hathaway*, 19 Pick. 387.

Where a conveyance is made of land, in pursuance of an executory agreement, no action thereafter can be brought on the original agreement; and it is not even evidence. *Wilson* v. *Burgess*, 34 Ill. 499; *Whitlock* v. *Denlinger*, 59 id. 96; *Laforge* v. *Matthews*, 68 id. 328; *Martin* v. *Chambers*, 84 id. 579.

The count for money had and received does not lie if the contract has been in part performed, and the plaintiff has derived some benefit, and by recovering the verdict the par-

ties can not be *in statu quo. Beed* v. *Blandford,* 2 Y. & J. 278; *Hunt* v. *Silk,* 5 East, 249; *Reed* v. *McGrew,* 5 Ohio, 375; *Insurance Co.* v. *Baker,* 85 Ill. 410; *Besley* v. *Dumas,* 6 Bradw. 291; *Smith* v. *Brittenham,* 58 Ill. 197; *Harzfeld* v. *Converse,* 105 id. 534; *Martin* v. *Chambers,* 84 id. 579; *Brooks* v. *Gates,* 8 Bradw. 197.

Messrs. DEXTER, HERRICK & ALLEN, for the appellee:

This action does not seek to rescind any contract or part of a contract. When it was shown the building was not in fact owned by Laflin, it appeared it was not one of the buildings Howe had agreed to pay for.

The action for money had and received is an equitable one, and lies wherever one party obtains money of the other which in equity and good conscience he ought not to retain. *Barnes* v. *Johnson,* 84 Ill. 95; *Taylor* v. *Taylor,* 20 id. 650.

That an action for money had and received will lie to recover money obtained by misrepresentation, necessarily follows from the principle that the action will lie wherever a party has obtained money which in equity and good conscience he ought not to be permitted to retain. See 2 Chitty on Contracts, (11th Am. ed.) 936, sustaining this form of action as the appropriate remedy. See, also, 2 Wharton on Contracts, sec. 730, and authorities cited.

But if there was no misrepresentation, it is clear that the money was paid on a mistake of facts, which makes it inequitable that appellant should retain it, and it is well settled that under such circumstances the action will lie.

"Where money," says Lord Mansfield, "is paid under a mistake, which there is no ground to claim in conscience, the party may recover it back again." *Bize* v. *Dickison,* 1 T. R. 285; 2 Wharton on Contracts, sec. 752, and cases cited; 2 Chitty on Contracts, (11th Am. ed.) 928, and cases cited. And the party may recover, even though the mistake of fact was negligently made.

The right of action on this ground is directly sustained by *Devine* v. *Edwards*, 87 Ill. 177, and *Stemple* v. *Thomas*, 89 id. 146.

Where there has been a total failure of consideration, an action lies for money had and received, to recover back any money paid. 2 Wharton on Contracts, secs. 742, 745; 2 Chitty on Contracts, 920.

It is conceded by counsel that a deed merges a prior contract only so far as the deed is given in performance of it. *Selden* v. *Williams*, 9 Watts, 9; *Wilbeck* v. *Waine*, 16 N. Y. 532; *Colvin* v. *Schell*, 1 Grant, (Pa.) 226; *Cox* v. *Henry*, 32 Pa. St. 18.

In *Selden* v. *Williams, supra*, the court say: "The deed is in many cases to be considered, not as a merger of the contract, but as a part performance of it." See, also, *Ludeke* v. *Sutherland*, 87 Ill. 482; *Bradshaw* v. *Couts*, 102 id. 428.

When a consideration is divisible and the price can be apportioned, then, if a distinct, divisible portion of the consideration fails, that part paid for may be recovered back. 2 Wharton on Contracts, sec. 748; 2 Chitty on Contracts, 922; *Hill* v. *Reeves*, 11 Metc. 268; *Cushing* v. *Rice*, 46 Me. 302; *Young* v. *Wakefield*, 121 Mass. 91.

A building built by a person on the land of another, under an agreement it shall remain his property, retains the character of personal property, by force of the agreement. *Smith* v. *Benson*, 3 Hill, 176; *Taft* v. *Stetson*, 117 Mass. 471; *Haines* v. *Ament*, 43 Mo. 298; *Township* v. *Morehead*, 43 Iowa, 468; *Priestly* v. *Johnson*, 67 Mo. 632; *Brearly* v. *Cox*, 4 Zabr. 287; *Dame* v. *Dame*, 38 N. H. 280; *Weatherby* v. *Weatherby*, 42 Miss. 732.

The agreement may be express or implied. *Howard* v. *Fessenden*, 14 Allen, 128; *Morris* v. *French*, 106 Mass. 326; Ewell on Fixtures, 71.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by Frederick A. Howe, against Matthew Laflin, to recover, as claimed in the declaration, for money paid and money had and received.

The facts which gave rise to the litigation are substantially as follows: On the first day of November, 1881, Howe purchased of Laflin certain specified lots in the city of Chicago. The contract under which the purchase was made was reduced to writing, and executed by the parties. Howe agreed to pay for the premises $400 per front foot,—$25,000 cash down, and the balance in five months, with seven per cent interest. At the time of the purchase there were buildings on the lots, some of which belonged to Howe, while others belonged to lessees who occupied under ground leases. As to the buildings, the contract provided: "Said first party sells, however, subject to any existing leases on said above described property, and this conveyance shall not cover or transfer or convey any interest in the buildings on said lots which are not owned by said Laflin; and the said Laflin reserves any and all liens on the buildings not owned by him, and the debts secured by such liens, and reserves the right to collect such debts, and all rents in arrears on said property, up to the first of November, 1881. Said second party also agrees to pay said first party the appraised value of all buildings owned by him situated in above described premises, the mode of obtaining such appraisal to be hereafter agreed upon by the parties hereto." Under this clause of the contract, the parties agreed that Howe, and Laflin's son, George H. Laflin, should appraise the buildings owned by Laflin, and on December 14, 1881, the appraisement was made. Before they commenced, however, Laflin gave Howe a memorandum of the buildings owned by him, and those against which he had claims, as follows:

"Buildings owned by Mr. Laflin stand us in—

| | | |
|---|---|---|
| 1208, Poppe building, - - - | $1238.65 |
| F. C. Vierling & Co., M. L., $800, - | 2016.36 |
| 1224, Frazer building, - - - | 990.36 |
| 1226 to 1230, Canuo building, - - | 889.40 |
| | $6034.77 |

"Have claims against—

| | | |
|---|---|---|
| 1210, Mrs. McLain, - - - - | 355.56 |
| 1212–1214, Charles Van Cleave, - - | 628.00 |
| | $983.56 |

"1220 Oppenheimer owns, and has lease to May 1, 1884."

All the buildings were appraised at $5400. The one marked "Frazer building," was appraised at $1000. After the appraisement, Laflin urged Howe to purchase two claims which he had in certain buildings, which he finally consented to do. He then paid Laflin $25,000, and the following indorsement was made on the contract:

*"December 14, 1881.*

"Received this day of F. A. Howe, the sum of $25,000, the amount of the first payment called for in the foregoing contract.

"The parties to said contract have this day agreed upon the valuation of the buildings situated upon said premises, at $5400, and also the amount of the liens and claims (referred to in said contract) of said Laflin against buildings upon and occupants of any part of said premises, for back rents, taxes, etc., (which liens, as claimed, are to be assigned to said Howe,) at the sum of $983.56,—in all, the sum of $6383.56.

"The payment now made of $25,000 covers the last named sum of $6383.56, and the balance of $18,616.44 is to apply on the purchase money of the lots described in said contract.

MATTHEW LAFLIN,

FREDERICK A. HOWE."

Subsequently another payment was made, and indorsed on the contract:

"Received, Chicago, April 3, 1882, of F. A. Howe, four thousand and seven hundred and fifty and twenty-two one-hundredths dollars on within contract, leaving balance of sixty thousand dollars unpaid, which, by mutual agreement, is extended until August 1, 1882, with interest at seven per cent.

MATTHEW LAFLIN,
(By Geo. H. Laflin.)
FREDERICK A. HOWE."

On August 2, 1882, the last payment was made, and indorsed on the contract as follows:

"CHICAGO, *August 2, 1882.*
"Received of F. A. Howe the principal sum of sixty thousand dollars aboved referred to; also, the sum of fourteen hundred and eleven and seventy-five one-hundredths dollars interest.

MATTHEW LAFLIN,
(Per Geo. H. Laflin.)

When the last payment was made, Laflin executed and delivered to Howe a general warranty deed, conveying to him the lots named in the contract. This deed contained no reservation or exception in reference to buildings or anything else, but it was absolute on its face. After receiving the deed, Howe learned that Laflin never owned the Frazer building—that it was owned by another party, who held a ground lease of the lot upon which the building had been erected. After learning this fact, Howe demanded of Laflin the amount of money ($1000) which he had paid for the building, and upon Laflin's refusal to pay, this action was brought to recover the money.

After the plaintiff had introduced all his evidence and rested his case, the defendant moved the court to instruct the jury for the defendant, on the ground that no case had been

made under the pleadings. The court overruled the motion, and defendant excepted to the decision of the court. This motion was predicated upon the ground that where money has been paid, under an executory agreement, for a deed, and a deed has been executed and delivered in pursuance of the agreement, an action for money had and received will not lie by the party paying the money, to recover it back. The cases mainly relied upon by the defendant in support of his position, are, *Howes* v. *Barker*, 3 Johns. 506, and *Williams* v. *Hathaway*, 19 Pick. 387. We do not controvert or question the law as declared in the two cases cited. In *Howes* v. *Barker* a contract had been executed by the parties, by the terms of which defendant sold plaintiff, for nine pounds per acre, a certain tract of land. The money was to be paid and a deed made on the first of the following April. At the time specified the deed was made, and the premises were therein described as containing two hundred and seventy-five acres. The purchase money — nine pounds per acre — was paid. Afterwards, in measurement, the tract of land was found to contain only two hundred and sixty-three acres, and the action was brought to recover back the money paid for the twelve acres. The court held that the contract between the parties was executory, and having been executed and consummated by the deed subsequently executed and delivered, the original agreement became void, and of no further effect. *Williams* v. *Hathaway* was a similar case. The action was brought to recover for money overpaid in the purchase of a tract of land. The land, when sold, was represented to contain fifteen acres, and was sold at a certain price per acre. A deed was subsequently given, in which the land was conveyed for $75.75, but the land, in measurement, did not hold out. The plaintiff was, however, defeated, the court holding that all prior statements and proposals were merged in the deed.

It will be observed that in both the cases cited the contracts preceding the deeds contained no subject whatever not

incorporated in the deeds,—in other words, the deed made in pursuance of the contract embraced and contained all the subjects contained in the executory contract, and when such is the case, the prior agreement merges in the deed, and can no longer be resorted to for the purpose of evidence between the parties. These cases were both cited and approved in *Wilbeck* v. *Waine,* 16 N. Y. 532, but it was there expressly held that an executory agreement, verbal or written, for the performance of distinct and separate provisions, is not merged or superseded by a subsequent deed in execution of a part, only, of such provisions.' In the decision of the case, DENIO, J., said : "Where one contracts, for a specified consideration, to convey land at a future time, and to do, at a still later period, other acts for the benefit of the other contracting party, or where the contract is for a series of acts, to be performed at successive periods, it is plain that the prior contract is superseded only as to such of its provisions as are covered by the conveyance made pursuant to its terms. The agreement remains in full force as to all other provisions." In *Ludeke* v. *Sutherland,* 87 Ill. 481, the same rule was announced.

The contract in the case under consideration embraced two subjects which may be regarded as separate and distinct,— one relating to the sale of the lots, while the other had reference to a sale of such buildings on a part of the lots as were owned by the defendant. The price to be paid for the land was agreed upon and determined, and specified in the contract, while the price to be paid for the buildings was left to be determined in the future by the parties, by appraisement. The time when the land itself should be paid for was specified in the contract, while as to the buildings, no time was agreed upon by the parties. Suppose the appraisement of the buildings had not been made when the deed conveying the premises was executed and delivered, would that instrument cut defendant off from any recovery for the buildings ?

Such will not be pretended, and yet such would be the effect if the entire contract merged upon the execution of the deed.

We think it is plain that the only reasonable construction to be placed on the contract is, that the sale of the buildings on the lots was a separate and distinct matter from the sale of the land,—so understood, so agreed upon and so treated by the two contracting parties,—and the execution and delivery of the deed merged only that part of the contract relating to the sale of the land, leaving in full force and effect that portion of the contract relating to the sale of the buildings; and on the trial, while this action was not based upon that agreement, the plaintiff had a right to use it in evidence upon any branch of his case whereon it had any bearing. *Selden* v. *Williams*, 9 Wall. 9, *Colvin* v. *Schell*, 1 Grant, (Pa.) 226, and *Cox* v. *Henry*, 32 Pa. 18, will be found to sustain the views here expressed. The fact that the consideration named in the deed did not include the money paid for the buildings, but only the amount paid for the lots, is another strong circumstance tending to establish that the lots and the buildings were regarded by the parties as separate and distinct matters, and that the execution of the deed was a mere performance of that portion of the contract relating to the sale of the lots.

If we are correct in our view of the law on this question, it is plain that Howe was entitled to recover the money paid for the Frazer building. The finding of the jury, and the judgment of the Appellate Court approving of that finding, are conclusive on the question of fact that defendant sold the building to plaintiff when it belonged to another party, and that no title passed. As to the form of action, we think an action for money had and received quite appropriate. It is an equitable action, and lies where one party has obtained money which in equity and good conscience he ought not to be permitted to retain. (1 Chitty's Pleadings, 355; *Barnes* v. *Johnson*, 84 Ill. 95.) Here the money was paid to the de-

fendant on the representation and in the belief that he owned the Frazer building, and when it turned out that he was not the owner, he held in his hands money which in equity and good conscience he ought not to retain.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*