## THE CHEMICAL NATIONAL BANK OF CHICAGO

*v.*

## THE CITY BANK OF PORTAGE.

*Filed at Springfield April 2, 1895.*

1. ASSUMPSIT—*for money had and received—when it lies.* Assumpsit for money had and received may be maintained by a bank which has loaned money upon the note of the cashier of another bank, where the latter bank received the money under an agreement to pay such note, and the person named as payee, who transferred the note to the loaning bank, acted as a mere agent.

2. BANKS—*borrowing by national bank on stock illegally bought in.* Recovery for money borrowed by one bank from another upon the note of the cashier of the borrower is not defeated because certain stock of the borrowing bank, pledged by said cashier as collateral, had been previously purchased in violation of the national Banking law, where the loan was not made to pay for the stock so illegally bought, and the two transactions were distinct.

*Chemical Nat. Bank* v. *City Bank of Portage,* 55 Ill. App. 251, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

DUNCAN & GILBERT, for plaintiff in error:

The rule is general, if not universal, that neither the legal liability of an unnamed principal to be sued, nor his legal right to sue, on a negotiable instrument, can be shown by parol evidence. *Fuller* v. *Hooper,* 3 Gray, 314; *Lerned* v. *Johns,* 9 Allen, 419; *Brown* v. *Parker,* 7 id. 337; Daniel on Neg. Inst. sec. 303.

With respect to a written contract not negotiable in its character the rule is different. Upon such a contract an undisclosed principal may be sued. *Lerned* v. *Johns,* 9 Allen, 419.

TENNEY, McCONNELL & COFFEEN, for defendant in error:

The facts make the defendant bank liable on the note as principal.    The rule on this subject is stated in *Barker* v. *Garvey*, 83 Ill. 184.    See, also, *Mechanics' Bank* v. *Bank of Columbia*, 5 Wheat. 326 ; *Ford* v. *Williams*, 21 How. 287; *Higgins* v. *McCrea*, 116 U. S. 671; *Roberts* v. *Austin*, 5 Whart. 313 ; Browne on Parol Evidence, sec. 24; *Baldwin* v. *Bank*, 1 Wall. 234.

That an undisclosed principal may be held upon negotiable paper made by the agent in his own name, is held in *Bank* v. *Tolu Rock and Rye Co.* 14 Ill. App. 141; *Baldwin* v. *Bank*, 1 Wall. 234.

Mr. JUSTICE CRAIG delivered the opinion of the court :

This was an action of assumpsit, brought by the City Bank of Portage against the Chemical National Bank of Chicago.    The declaration contained the common counts and one special count on the following promissory note :

"$5000.                    CHICAGO, ILL., *Feb. 15, 1893.*

"Four months........days after date I promise to pay to the order of Theodore Wetmore $5000 at Chemical National Bank of Chicago, value received, with interest at the rate of six per cent per annum after due, having deposited with this note, as collateral security, certificate No. 477 for fifty shares stock of Chemical National Bank of Chicago, par value $100 per share, which said security, or any part thereof, I hereby give the legal owner or owners authority to sell on the maturity of this note, or at any time thereafter, or before, in the event of said security depreciating in value, at public or private sale, at his discretion, without advertising the same or giving me any notice, and to apply so much of the proceeds thereof to the payment of this note as may be necessary to pay the same, with all interest due thereon, and also to the payment of all expenses attending the

sale of said collateral security; and in case the proceeds of the sale of said collateral security shall not cover the principal, interest and expenses, I promise to pay the deficiency forthwith after such sale, with interest at six per cent per annum.   And it is hereby agreed and understood that if recourse is had to said collateral, any excess of collateral upon this note shall be applicable to any other note or claim held by said owner or owners against me, and in case of any exchange of or addition to the collateral above named, the provisions of this note shall extend to such new or additional collateral.

C. E. BRADEN.

"Endorsed without recourse.

THEODORE WETMORE."

It was averred in the declaration, that on, to-wit, the 15th day of February, 1893, the defendant, in the county of Cook, made its certain note in writing, called a promissory note, and then and there delivered the said note to Theodore Wetmore, by which said note the said defendant, by the name, style and description of C. E. Braden, promised to pay to the order of said Theodore Wetmore $5000 four months after date, at the Chemical National Bank of Chicago, with interest at six per cent per annum, for value received.   To the declaration the defendant pleaded the general issue.   The parties, by agreement, waived a jury, and a trial was had before the court, resulting in a judgment in favor of the plaintiff.   This judgment was affirmed in the Appellate Court, to reverse which the defendant sued out this writ of error.

On the trial the plaintiff, over the objection of the defendant, read in evidence the note described in the declaration.   The plaintiff then called as a witness C. E. Braden, who, no objection whatever being made, testified, in substance, that in 1893 he was cashier, and J. O. Curry president, of the Chemical National Bank ; that he was familiar with the facts connected with the execution of the note of February 15, 1893, for $5000; that in January

or February of that year, in order to protect certain debts due to the bank, it took some of its stock from certain debtors; that Hopkins, assistant cashier, had made a loan for the bank through certain brokers, by giving his own note, payable on call, secured by some of the bank stock which the bank had taken in; that after this note had run fifteen days the holder called the money; that it was then agreed between Curry, the president, Braden, cashier, and Hopkins, assistant cashier, that if Braden could place $5000 or $10,000 through a broker in Minneapolis, it would be treated as a bank obligation and the bank would pay it, and it would have fifty or one hundred shares of the stock, as the case might be, transferred to Braden, to be used as collateral to secure the loan; that under this agreement Braden negotiated a loan of $5000 through the broker, Wetmore; that the note was signed by Braden, and fifty shares of bank stock was attached to it and sent to Wetmore, at Minneapolis, and he procured the money from the City Bank of Portage, plaintiff, and it was paid over to the Chemical National Bank. Upon this evidence the circuit court rendered judgment against the Chemical National Bank.

It is, however, claimed in the argument that the plaintiff was not entitled to recover against the defendant, the Chemical National Bank, on the note executed by Braden. Whether a recovery could be had, on the instrument set out in the declaration, against the Chemical National Bank as an unnamed principal we shall not stop to inquire, as the case may properly be disposed of on other grounds. As before observed, the declaration contained the common counts, and if it were conceded, which it is not, that the defendant was not liable on the note, no reason is perceived why an action for money had and received could not be maintained. As was held in *Laflin* v. *Howe*, 112 Ill. 253, *indebitatus assumpsit* for money had and received is an equitable action, and lies where one party has obtained money which, in equity

and good conscience, he ought not to be permitted to
retain. (See, also, *Barnes* v. *Johnson*, 84 Ill. 95.) Here the
Chemical National Bank received from the plaintiff $5000,
which it agreed to pay. Braden, who signed the note,
had no interest in the transaction. Wetmore had no in-
terest. He acted merely as an agent in procuring the
loan for the defendant, and transferred the note over to
the plaintiff without recourse, and passed the money
which the note represented, from the plaintiff to the de-
fendant. That money is still in the hands of the defend-
ant. It is the party liable to pay the money and the
City Bank of Portage is the party entitled to receive the
money; and in an action for money had and received we
see no reason why the plaintiff may not surrender the
note in court and recover a judgment for the amount of
the money.

It is, however, contended in the argument that a re-
covery cannot be had on the common counts, for the rea-
son that the money was borrowed in furtherance of a
transaction which, if engaged in by defendant, would
be illegal. The alleged illegality is that the stock
pledged by Braden was not stock taken by the bank in
satisfaction of a debt, but was bought by the bank and
the note of Hopkins, assistant cashier, given for the
same, and that this same stock was subsequently pledged
by Braden for the loan obtained from the plaintiff.
Curry, president of the Chemical National Bank, was
called as a witness, and it may be inferred from his evi-
dence, although he does not state the fact, that the bank
stock procured by the bank was not taken in on a debt,
but was purchased. Conceding that the Chemical Na-
tional Bank purchased fifty shares of its own stock, con-
trary to the provisions of the national Banking act; does
that unlawful act so pollute the transaction between
plaintiff and defendant, under which plaintiff loaned its
money, that the defendant may keep the money and the
plaintiff bear the loss? If the facts were as claimed by

counsel, they would not defeat a recovery on the part of plaintiff. The purchase of the stock and the borrowing of the money from plaintiff were two distinct transactions. In the purchase of the stock the money used by the defendant in payment was raised on the note of Hopkins, assistant cashier. Afterwards the bank paid the Hopkins note with its own funds, and this ended the transaction so far as the purchase of stock was concerned. After this transaction was ended the bank applied to the plaintiff for a loan of money and obtained it, placing the bank stock previously obtained in the hands of plaintiff as collateral. The plaintiff did not know where, of whom or in what manner the Chemical National Bank had acquired the bank stock turned over as collateral, nor did it know what use that bank would make of the money loaned. Moreover, this money was not loaned by plaintiff to pay for bank stock, and, so far as appears, it was never used for that purpose. So far as appears from the evidence there was nothing illegal in the transaction between plaintiff and defendant which resulted in the loan of $5000.

Complaint is made that the court refused to hold certain propositions of law on behalf of defendant. These propositions all related to the right of recovery on the note set out in the special count of the declaration, and if plaintiff was entitled to recover under the common counts for money had and received, which we have endeavored to show it was, it is unimportant whether the court ruled correctly on the propositions or not.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*