## Crawford McKnight, Appellee, v. Guy Mowat et al., Appellants.

### Gen. No. 4,941.

CONTRACTS—*when executory contract merged in deed.* A contract providing for the sale and conveyance of real estate becomes merged in the deed conveying such real estate where the deed made in pursuance of such contract embraces and contains all the subjects covered in the executory contract.

Action commenced before justice of the peace. Appeal from the Circuit Court of Peoria County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed March 11, 1908.

F. H. TICHENOR, for appellants.

DAILEY & MILLER, for appellee.

MR. PRESIDING JUSTICE WILLIS delivered the opinion of the court.

On July 18, 1904, Guy Mowat, Frank Gift and D. S. Long doing business as the Park Review Land Association, by G. T. Mowat, secretary, entered into articles of agreement under seal with Crawford McKnight for the sale of a lot described as No. 20, in block 5, in Park View, Peoria. The contract provided that for a consideration therein stipulated, the vendor should convey the premises therein described by warranty deed clear of encumbrances, and that the vendee should pay all taxes, assessments or impositions that might be legally levied thereon subsequently to the year 1904. August 15, 1904, the final payment stipulated for in the contract was made and a deed for the premises executed and delivered to the wife of the purchaser as his agent, and duly recorded. The deed recited, "This conveyance is made subject to all taxes and special assessments and special taxes thereon, all of which the grantee herein hereby assumes and agrees to pay." In March, 1904, the city of Peoria passed an ordinance organizing a sewerage district in which the premises

were located. Under the ordinance, an assessment of $140.40 was levied on the premises, payable in installments with interest at 5 per cent per annum on the deferred payments. The assessment roll was confirmed August 5, 1904, and the assessment entered September 11, 1904. On May 1, 1905, McKnight caused to be paid the first installment with interest, amounting to $17.64. On March 30, 1906, he paid the second installment, $20.23. On June 12, 1906, he brought suit before a justice of the peace of Peoria county to recover these amounts from Guy Mowat, Frank Gift and D. S. Long, and obtained judgment. There was an appeal to the Circuit Court of said county, trial without a jury and judgment rendered in favor of McKnight for $37.80, and this further appeal by Mowat, Gift and Long.

It appears from the record, that the contract preceding the deed contained no subject whatever not incorporated in the deed. In other words, the deed made in pursuance of the contract embodied and contained all the subjects contained in the executory contract. Appellants insist that the executory contract merged in the deed, and that such deed is a new agreement between the parties, and the only evidence of their undertaking, and cite and rely upon Laflin v. Howe, 112 Ill., 253; Howes v. Barker, 3 Johns. (N. Y.), 506; Williams v. Hathaway, 19 Pick., 387. In Howes v. Barker, *supra*, a contract had been executed by the parties, by the terms of which defendant sold plaintiff for nine pounds per acre, a certain tract of land. The money was to be paid and a deed made the first of the following April. At the time specified the deed was made, and the premises were therein described as containing 275 acres. The purchase money, nine pounds per acre, was paid. Afterward, in measurement, the tract of land was found to contain only 263 acres and the action was brought to recover back the money paid for the 12 acres. The court held that the contract between the parties was executory, and having been executed and consummated by the deed subsequently executed and delivered, the original agreement became void and of no further effect. Williams v. Hathaway, *supra*, was a similar

case. The action was brought to recover money overpaid in the purchase of a tract of land. The land when sold was represented to contain 15 acres, and was sold at a certain price per acre. A deed was subsequently given in which the land was conveyed for $75.75 per acre, but the land in measurement did not hold out. The plaintiff was however defeated, the court holding that all prior statements and proposals were merged in the deed.

In Laflin v. Howe, 112 Ill., 253, the court in referring to these two cases said: "It will be observed that in both the cases cited the contracts preceding the deeds contained no subject whatever not incorporated in the deeds,—in other words, the deed made in pursuance of the contract embraced and contained all the subjects contained in the executory contract, and when such is the case the prior agreement merges in the deed, and can no longer be resorted to for the purpose of evidence between the parties. These cases were both cited and approved in Witbeck v. Waine, 16 N. Y., 532."

The contract in the case at bar embraced but one subject and the deed made pursuant thereto embraced and contained the same subject and no other. Applying the rule announced in the Laflin case, *supra,* we hold that the contract merged in the deed and was no longer efficient evidence between the parties, and that the terms of the deed could not be questioned by oral testimony. If we are correct in our view of the law, it is clear that appellee is not entitled to recover back the money paid for the assessments levied in 1904, in an action at law. Whether he might be heard in equity for a reformation of the deed, we are not here called upon to consider. We deem it unnecessary to consider appellants' other reasons urged for a reversal of this judgment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*