Bank v. Bank.

No. 19,670.

THE STOCK YARDS STATE BANK, *Appellant*, v. THE MERCHANTS STATE BANK et al., *Appellees*.

SYLLABUS BY THE COURT.

BANKING—*Trial—No Error Appears in Record*. Assignment of error relating to the admission and exclusion of· evidence, instructions to the jury, and special findings of fact, examined and held not to be well founded.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed November 6, 1915. Affirmed.

*J. N. Haymaker, A. V. Roberts, W. D. Jochems, Kos Harris,* and *Vermilion Harris,* all of Wichita, for the appellant.

*S. A. Buckland, S. B. Amidon, Jean Madalene, Earl Evans,* and *George Gardner,* all· of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover a sum of money credited to the plaintiff on the defendant's books, said to have been misappropriated to the payment of a personal obligation of the plaintiff's cashier to the defendant. The defendant prevailed and the plaintiff appeals.

The claim of the plaintiff was that its cashier, Brown, undertook to buy shares of the capital stock of his own bank. To enable him to do this the defendant's president, Dice, authorized him to check on the defendant. The overdraft on the defendant was taken up by Brown's check on his own account with his own bank. To meet this check Brown gave his personal note, with collateral security, to the defendant in the sum of $3500 and the money was passed to the credit of the plaintiff, the defendant being a depositary of the plaintiff. Subsequently Brown took up the note with a cashier's check against this deposit. The defendant's claim was that the stock transaction was .closed when Brown took up his overdraft on the defendant. Brown then desired to increase his bank's reserve, which was so low that he was required to make reports twice a week to the bank commissioner. To do this he bor-

rowed the $3500 for his bank and signed the note in his individual capacity in order that his reports to the bank commissioner might not reveal an application by the bank for the loan. The money was passed to the credit of the plaintiff, and on the receipt of Brown's cashier's check for $3500 was applied to the payment of the note. The solution of the question, who borrowed the money represented by Brown's note, Brown or the bank of which he was cashier, was therefore determinative of the controversy. The jury returned the following special findings of fact:

"8. Was the money obtained by Brown from The Merchants State Bank by making to The Merchants State Bank his personal note, money to be used by Brown in his own personal transactions?    A. No.

"10. Did not Brown make an application to Dice for an individual loan of $3500?    A. No.

"12. Was not the note of $3500, signed by Brown, an individual note of Brown?    A. No, made by Brown for Stock Yards State Bank."

The plaintiff asserts and re-asserts that the findings of the jury are without support in the evidence and are contrary to the evidence. Brown and Dice do not agree respecting the negotations for the loan. Brown was frequently obliged to exercise his privilege to refuse to answer incriminating questions. He made conflicting statements regarding the purpose for which the $3500 loan was obtained, and withdrew some of them. His testimony was unsatisfactory in other respects and there was good ground for the jury to refuse to give it full credence. Dice was abundantly corroborated, and the jury made its choice between the evidence supporting the plaintiff's claim and the evidence supporting the defendant's claim.

Some rulings relating to the admission and exclusion of evidence are complained of. A duplicate deposit slip was excluded, but there was no dispute about the ultimate fact to which the evidence related. Speaking of his authority in the conduct of his bank's affairs Brown was permitted to say, "I take it that their consent was presumed in that." If the loan were made to the plaintiff to bring up its reserve, consent of the plaintiff's board of directors was immaterial; if not, the statement was immaterial. The subject of a custom to make loans to banks on the personal notes of their officers

came up. On objection by the plaintiff evidence of such a custom was excluded, but Dice was properly allowed to say that he told Brown it was customary, the statement being a part of the oral negotiations for the loan. The application for the loan was presented to the defendant's board of directors, and a loan, not to Brown but to his bank, was authorized. Testimony was admitted to the effect that Dice could not make a loan of this size without the approval of his board of directors. The purpose was not to bind Brown or the plaintiff by a limitation on Dice's authority, but to explain the course pursued.

While not so stated, the plaintiff's real complaint regarding the instructions given the jury is that the court submitted the defendant's theory of the case to the jury. In the brief it is said:

"In its instructions, the court overlooked the principle that the note of $3500.00, under the evidence, could not be a bank transaction. First, because it was only signed by Brown; second, because Brown, to the knowledge of The Merchants State Bank, was buying stock on his own account. This in itself, proved that the matter was an individual transaction."

In other portions of the brief certain documentary evidence and certain specific facts are referred to as showing conclusively that the loan was a loan to Brown personally. Very clearly the giving of the note could be a bank transaction and could be such without authorization by the plaintiff's board of directors. The signature by Brown alone was not conclusive, the fact that Brown had been buying stock on his own account was not conclusive, and inferences from the documentary evidence and specific facts appealed to, in harmony with the testimony of Dice and other evidence sustaining the defendant's contention, were permissible. Under the guise of an attack on the instructions to the jury the plaintiff simply makes another attack on the special findings of fact.

Certain instructions complained of were given at the plaintiff's request. The jury were instructed that *prima facie* the note was Brown's note. Instructions so framed as to leave to the determination of the jury matters about which there could be no dispute were neither confusing nor misleading. An instruction complained of as leaving to the jury the solu-

tion of a question of law was doubtless given in an effort to present in a succinct and concrete way the substantial issue in the case. Probably it was not very helpful, but in view of the findings of fact it was perfectly harmless. It is not necessary to pursue the subject of the instructions to the jury further. They were even too elaborate, and none of them was prejudicially defective.

The special findings of the jury are not inconsistent with each other. An answer that there was no evidence that the check given to reimburse the defendant was an overdraft on Brown's account was probably returned because of the confusion in Brown's testimony; perhaps also because of uncertainty as to how far his testimony might be safely followed. But the answer is wholly immaterial since the jury were satisfied that the loan was a bank loan, and so found upon sufficient evidence.

The judgment of the district court is affirmed.