Bank v. Bank.

No. 19,670.

THE STOCK YARDS STATE BANK, *Appellant*, v. THE MERCHANTS STATE BANK et al., *Appellees*.

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

LOAN TO BANK—*Individual Note of Cashier—Liability of Bank*.  A bank loaned another bank the sum of $3500.  The cashier of the borrower gave his individual note to the lender, not as consideration for the loan, but for stated reasons making that course advantageous to the borrower.  *Held*, the borrower was under legal obligation to repay the money although its name did not appear on the note and nothing on the note indicated the borrower's relation to the transaction.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge.  Opinion denying a rehearing filed January 8, 1916.  (For original opinion of affirmance see 96 Kan. 558, 152 Pac. 769.)

*J. · N. Haymaker, A. V. Roberts, W. D. Jochems, Kos Harris*, and *Vermilion Harris*, all of Wichita, for the appellant.

*S. A. Buckland, S. B. Amidon, Jean Madalene, Earl Evans*, and *George Gardner*, all of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The plaintiff has filed a petition for a rehearing in which the following claims are made: The plaintiff's theory in the lower court was that the defendant was attempting to charge the plaintiff as an undisclosed principal upon Brown's note.  This defense could not be sustained otherwise than by varying the terms of a promissory note by parol evidence.  This is distinctly forbidden by the decision of this court in the case of *Insurance Co. v. Martindale*, 75 Kan. 142, 88 Pac. 559.  The Martindale case was cited in the plaintiff's original brief.  It is sustained by an imposing array of authorities collated in a note appended to the report of the decision in 21 L. R. A., n. s., 1045.  This court in its opinion (*Bank v. Bank*, 96 Kan. 558, 152 Pac. 769) made no reference to the plaintiff's theory,

made no reference to the Martindale case, and made no reference to the authorities sustaining it in the note referred to. The Martindale case ought to conclude the present controversy in the plaintiff's favor.

The court in its former opinion made no reference to the Martindale case, which was cited in the plaintiff's brief, nor to the note mentioned, because it could find nothing in the record making such a reference pertinent and because the very L. R. A. note mentioned collates authorities which distinguish the controversy in the. Martindale case from the present one.

The plaintiff did not frame the defense to the action. The answer stated the defendant's claim and the defendant did not seek to charge an undisclosed principal or to vary the terms of a promissory note. The note was Brown's note and, *prima facie,* indicated that he was the borrower. But as stated in the former opinion, the answer raised the question, Who borrowed the money, Brown or the bank of which he was cashier? and the obligation sought to be established was that of the actual borrower to return the money it had borrowed, independent of the security taken for the loan. The plaintiff could not dispose of the defendant's contention by proposing a theory of the answer which the pleading itself did not present.

If the plaintiff's theory at the time of the trial was as it is now stated to be, it did not get into the record. The defendant's answer was not attacked by motion or demurrer. No objection to evidence, contained in the abstract or discussed in the brief, raised the question now presented. It was not raised by a demurrer to the defendant's evidence, by any request for an instruction to the jury, nor by a motion for judgment notwithstanding the verdict. On the other hand, the plaintiff's requests for instructions were all pertinent to the issue presented by the answer. In its requests for instructions the plaintiff undertook to aid the district court by citations of authority, and the Martindale case is not among them.

In the Martindale case Stotler gave his note to Fist for the premium on a life insurance policy. Fist was agent of the insurance company. Fist sold and indorsed the note to Martindale and thus became liable to Martindale as an indorser. When Martindale sued to recover on the note he undertook to hold the insurance company as the undisclosed principal for

whom the indorser, Fist, acted. The court held that nobody can be charged as an indorser on a negotiable promissory note unless his name appears upon it or unless something on the note indicates that relation, and such is the law. In this case the plaintiff, being a corporation, necessarily acted through an agent, its cashier. But the defendant claimed it made no loan to the agent or for the benefit of an undisclosed principal. It made the loan direct to the plaintiff who was known and understood to be the actual borrower and to whom the credit was actually extended. The borrower, the plaintiff, gave no written obligation because its cashier wished to conceal from the bank commissioner the method by which the plaintiff's reserve was increased, and the cashier's individual note was taken not as consideration for the loan but as collateral security. This case, therefore, is somewhat similar in fact and is identical in principle with that of *Chemical Bank v. Bank of Portage,* 156 Ill. 149, 40 N. E. 328, cited in the L. R. A. note (p. 1071) to the Martindale case to which the plaintiff referred. The Portage bank loaned the Chemical bank the sum of $5000. The cashier of the Chemical bank executed a note for that amount to a third person, who indorsed without recourse to the Portage bank. It was held that the Portage bank could recover of the Chemical bank on the common count for money had and received. Another case cited in the same note (p. 1074) is that of *Van Haagen Soap Co.'s Estate (Third Nat. Bank's Appeal),* 141 Pa. St. 214, 21 Atl. 598. This case is reported in full in 12 L. R. A., at page 223. To the report is appended an extended note which begins as follows:

"NOTE.—*The one receiving credit, the one responsible for the debt.*

"The doctrine seems to be universal that the one to whom and upon whose credit money is loaned or property advanced is liable for the debt regardless of the fact that his name may not appear on the security taken, if such security is regarded by the parties purely as collateral."

If the defendant had been seeking to recover on Brown's note by charging the plaintiff as a maker in fact although undisclosed when the note was signed, the defendant would have been met by the Martindale case. The distinction having been clearly drawn by the L. R. A. editors between cases like the

Martindale case and cases like this one, it did not seem necessary to duplicate the work in the former opinion when the record furnished no peg upon which to hang a discussion of the subject.

The petition for a rehearing is denied.