No. 31,396

First National Bank of Enid et al., *Appellees*, v. The Southwest National Bank of Wichita, *Appellant*.

(29 P. 2d 1071.)

Opinion filed March 10, 1934.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, P. D. Gardiner* and *O. W. Helsel,* all of Wichita, for the appellant.

*W. A. Ayres, Austin M. Cowan, C. A. McCorkle, J. D. Fair, W. A. Kahrs, Robt. H. Nelson,* all of Wichita, *H. G. McKeever, Van W. Stewart* and *Harry H. McKeever,* all of Enid, Okla., for the appellees.

The opinion of the court was delivered by

Harvey, J.: This is an action to recover a bank deposit. A jury was waived, the trial court made findings of fact and conclusions of law, and rendered judgment for plaintiffs. Defendant has appealed. The principal point in controversy is whether the transaction out of

which the deposit arose was a bank transaction or the individual transaction of an officer of one of the banks.

On September 22, 1931, plaintiffs, collectively, purchased the assets and assumed the liabilities of the Enid Bank and Trust Company, a banking corporation of Enid, Okla., organized and doing business under the banking laws of that state. For the purposes of this action they stand in the position of that bank, which hereinafter will be referred to as the Enid bank. With some changes in its name and charter, not material here, the Enid bank had been in existence and doing business since about 1893. During all that time O. J. Fleming was the controlling stockholder and the active managing officer of the Enid bank. His son, Ed Fleming, appears to have grown up with the bank, and in January, 1931, was made its president, and O. J. Fleming became chairman of its board of directors.

The defendant is a banking corporation of Wichita, Kan., organized and doing business under the national banking laws, and hereinafter will be referred to as the Wichita bank. L. S. Naftzger was the controlling stockholder and the active managing officer of the Wichita bank, and had been since its organization fifteen years or more ago, but for more than forty years prior to the transaction in question he had been in the banking business at Wichita and the chief executive officer of some banking institution. His son, M. C. Naftzger, appears to have grown up in the business, has been connected with the Wichita bank since 1915, and at the time of the transaction in question was its vice president.

For about forty years O. J. Fleming had been the dominating officer of the Enid bank and L. S. Naftzger held a similar position in some bank at Wichita, and for more than fifteen years in the Wichita bank. During all this time they had been personal and professional friends, and during most of that time the Enid bank was a depositor and discounted notes with the Wichita bank. Some of these notes so discounted were signed by O. J. Fleming, some by Ed Fleming, and some by customers of the Enid bank; but without regard to who had signed the notes credit was always given to the Enid bank on the books of the Wichita bank. The correspondence discloses that in some instances the Enid bank had specifically guaranteed some of the notes, in other instances it had not. When there was default in the payment of any of these notes, as occasionally happened, the Wichita bank charged the account of the Enid bank with the amount of the notes. O. J. Fleming never had a personal account

in the Wichita bank. It appears there had not been much of this business between the banks for the few months immediately prior to July, 1931. There is testimony that about the 5th or 6th of July, 1931, the president of the Enid bank advised the vice president of the Wichita bank that he was going to begin sending some remittances again. This appears to have been done, for on July 8 the vice president of the Wichita bank wrote:

"Mr. O. J. Fleming, President,
    Enid Bank and Trust Company,
    Enid, Oklahoma:

"DEAR MR. FLEMING—Your remittance letters received this morning for which I wish to thank you. Seems good to have you back on our books again. . . ."

What these remittances consisted of, or their amount, is not disclosed by the record. On July 9, 1931, on the letterhead of the Enid bank, O. J. Fleming, chairman of its board of directors, wrote the following letter:

"Mr. M. C. Naftzger, Vice President,
    The Southwest National Bank,
    Wichita, Kansas:

"DEAR MR. NAFTZGER—I have your letter of July 8th, acknowledging the deposits that we have sent you recently, and it is our intention to give you the very best account that we possibly can.

"I am inclosing you herewith our last published statement, and also my financial statement and my note for $5,000, due 90 days. I am wondering if my note will look as good to you as the deposits do. We are getting along very well under the present low prices of wheat and other products, but are not trying to make big money this year, running in a very close and conservative way.

"Please credit our account with the proceeds of my note and oblige.
                    "Yours truly,    (Signed)    O. J. FLEMING, Chairman."
OJF/Mss    Enc. 3.

Accompanying this letter was a note dated Wichita, Kan., July 10, 1931, for $5,000, due in 90 days, with interest from maturity, and signed by O. J. Fleming. The Wichita bank received this letter and note July 10, and gave the Enid bank credit for the face of the note, less $75 interest to maturity at six per cent, and its vice president wrote the following letter:

"Mr. O. J. Fleming, Enid, Oklahoma.

"DEAR MR. FLEMING—Note received, have credited your account as per memorandum inclosed herewith. I note what you say regarding making money at this time. We think like you, it is a good time to hang on and not try to make much. If we can keep even and keep what we have we will all be lucky.

"We are inclosing herewith statement on our blank filled in as per your statement which you sent us. Please sign new statement and return to us for our files. . . ."

On July 8, 1931 (one day before he wrote the Wichita bank sending his note in question and two days before its date), O. J. Fleming made out a deposit slip placing to his personal credit in the Enid bank the sum of $10,000, being for $5,000 on account of the note he was preparing to send to the Wichita bank and $5,000 for a similar note he was preparing to send to a bank at Dallas, Tex. He thereby took personal credit in the Enid bank for the sum of $10,000. On that day he drew a check on the Enid bank for the sum of $10,000 in the payment of his personal indebtedness to the Union National Bank at Wichita. On September 24, 1931, the books of the Wichita bank showed to the credit of the Enid bank the sum of $4,741.81, and on that date the Wichita bank applied this credit as a payment on the $5,000 note of O. J. Fleming which had been sent to the Wichita bank on July 9.

The above statement of facts is a summary of those found by the court, to which we have added the correspondence between the banks at the time the note was sent and the credit given. The trial court further found, or concluded:

"10. Said transaction was not a transaction between the two banks, and the Enid Bank & Trust Company had nothing to do with the transaction except to aid in transmitting the proceeds of the loan of the O. J. Fleming note from the Southwest National Bank to the personal account of O. J. Fleming in the Enid Bank & Trust Company."

"12. The evidence does not establish any express contract between the Southwest National Bank and the Enid Bank & Trust Company or its predecessors which would authorize the Southwest National Bank to apply the deposit of the Enid Bank & Trust Company towards the payment of the O. J. Fleming note, nor does the evidence establish any course of conduct between the Southwest National Bank and the Enid Bank and Trust Company or its predecessors which would imply authorization to the Southwest National Bank to apply said deposit to the payment of said note."

The court also found that plaintiffs were entitled to judgment from the Wichita bank in the sum of $4,741.81 with six per cent interest since September 24, 1931, and rendered judgment accordingly.

Appellant first contends that the court erred in admitting evidence to the effect that on July 8 Fleming took credit in the Enid bank for $10,000 on account of notes he was going to draw and send to the Wichita bank and to a Dallas bank, and that he used this

credit to pay his personal obligations to the Union National Bank, for the reason that these acts of Fleming, and the fact that the Enid bank permitted it, were not known to or otherwise binding on the Wichita bank. The point is well taken. When the Enid bank sought and obtained a credit from the Wichita bank, what it did with that credit was its business, and certainly was not binding on the Wichita bank which had no knowledge of how the credit was handled by the Enid bank, and hence did not give its consent to nor ratify that method of handling it. This point was specifically ruled on in *Andale State Bank v. Wichita State Bank*, 126 Kan. 441, 268 Pac. 738. See, also, *Bank of Lakin v. National Bank*, 57 Kan. 183, 185, 45 Pac. 587, to the same effect.

Appellant complains that the court overruled its motion to set aside findings—more properly conclusions—10 and 12 as not being supported by the evidence and being contrary to the evidence. The motion should have been sustained. It is difficult to read the letter of July 9, inclosing the note for which the credit was given, written as it was by the chairman of the board of directors of the Enid bank, its principal and dominating official, without being forced to the conclusion that the sending of the official's notes, with a request for credit for the bank, was a bank transaction. (*Andale State Bank v. Wichita State Bank*, supra; *Bank v. Bank*, 98 Kan. 563, 159 Pac. 403; *Bank v. Bank*, 96 Kan. 558, 152 Pac. 769; *Keys v. First Nat. Bank*, 25 F. 2d 684.) We seem forced, also, to the conclusion that the amount standing to the credit of the Enid bank on September 24, which was placed on this note, was the unused portion of the credit which had been obtained by the note of July 10. In other words, the only way the Enid bank got the credit in question was by virtue of the note on which it was later indorsed. We are aware remittances had been received by the Wichita bank from the Enid bank on July 8, but the amount of them was not disclosed, and obviously credit thus obtained had been exhausted, and part of the credit obtained by the note in question had been exhausted before September 24.

This case is governed by the decision of this court in *Andale State Bank v. Wichita State Bank*, supra, where the facts from a legal viewpoint are substantially the same as here. Counsel for appellees attempt to distinguish the cases. We have considered all that has been said on that matter and are unable to see any controlling distinction.

Appellees call our attention to certain statutes of the state of Oklahoma (Okla. Stat. 1931, §§ 9187, 9199) which make it a felony for the managing officer of a bank organized and doing business under the laws of Oklahoma to borrow money from the bank with which he is connected, and argue that under these statutes it would have been unlawful for the Wichita bank to have loaned money to the Enid bank to be used by O. J. Fleming personally, and it would have been unlawful for Fleming to have used such money personally. Three answers suggest themselves to this argument: (1) There is no evidence that the Wichita bank, or its officers, knew that O. J. Fleming was going to borrow that money from the Enid bank, or that he had in fact borrowed the amount of this note and more from the Enid bank two days before the note in question reached the Wichita bank. The letter transmitting the note signed by the managing officer of the bank requested that credit be given the Enid bank, and that was done. No credit was requested for O. J. Fleming personally, and no such credit was given by the Wichita bank. (2) There is no showing in this case that the Wichita bank, or its officers, knew of the Oklahoma statute in question. One is not presumed to know the statutory laws of another state. (3) If the Wichita bank, or its officers, knew of the statute there is no evidence in this case tending to show that they had any reason to anticipate that O. J. Fleming, as a managing officer of the Enid bank, would violate the statute and thereby commit a felony. In fact, the presumption would be the other way. The result is, these statutes are of no aid in support of the judgment of the trial court.

When we eliminate the finding of the trial court as to how the Enid bank permitted O. J. Fleming to handle, for his personal use, the credit it had obtained from the Wichita bank, as we must, for the reason that it was unknown to and not binding on the Wichita bank, there is no evidence in the record in this case to support a judgment for the plaintiffs in the court below. We have carefully considered the argument and examined the authorities cited by appellees and find nothing in them which requires a different conclusion. The result is, the judgment of the court below must be reversed with directions to enter judgment for defendant. It is so ordered.