THE BANK OF LAKIN v. THE NATIONAL BANK OF
COMMERCE, KANSAS CITY, MO.

No. 8696.

AGENCY, ESTOPPEL — *agent's authority, not deniable by principal
retaining benefits of transaction.*  A principal cannot receive
and retain the benefits of a transaction and at the same time deny
the authority of the agent by whom it was consummated.

*Error from Kearny District Court.*

*Hon. A. J. Abbott, Judge.*

AFFIRMED.                          OPINION FILED JULY 11, 1896.

. *A. J. Hoskinson,* for plaintiff in error.

*Elijah Robinson,* for defendant in error.

MARTIN, C. J.   The original action was brought by
the National Bank of Commerce against the Bank of
Lakin to recover the balance due upon two promis-
sory notes of $4,000 and $8,000 respectively, which
were signed by the Bank of Lakin, by S. H. Carr,
cashier.   It was averred in the petition that the notes
were issued with the authority of the defendant; that
the 4th by-law of the Bank of Lakin was as follows,
—"This bank shall be responsible for the official acts
of the officers elected by the Board of Directors";
and, further, that the proceeds of the discount of the
two notes were used in behalf and for the benefit of
the Bank of Lakin in the regular and ordinary way
of conducting the banking business.   It was admitted
in the answer that Carr executed the notes, but his
authority to do so was denied, although not under
oath ; and this was followed by a general denial of all
other matters.   The answer also contained a counter-
claim charging that the National Bank of Commerce
had obtained assets of the Bank to the amount of

$18,000, and judgment was prayed for that sum.
The reply admitted that certain evidences of indebted-
ness had been deposited with the National Bank of
Commerce as collateral security for said two promis-
sory notes, but alleged that nothing had been collected
thereon.

A trial by the Court at the November term, 1891,
resulted in a judgment in favor of the National Bank of
Commerce against the Bank of Lakin for $15,024.30;
and of this the latter complains. The Court found
that Carr, claiming to act as cashier, borrowed the
money for which the notes were given without the
knowledge of the Board of Directors or of any one of
them; that without any authority from the Board he
delivered certain assets of the Bank, of the face value
of $18,000, as collateral security for said two prom-
issory notes; that the National Bank of Commerce
had collected thereon the sum of $2,508.45, and applied
the same as credits on the notes, and that no other
payments had been made. But the Court further
found that the Bank actually received the money bor-
rowed on said notes, and had never repaid the same,
except in so far as the collaterals were collected and
applied. The Bank of Lakin excepted to this last
finding, and now claims that the same is not supported
by the evidence. The Cashier of the National Bank
of Commerce testified that the two promissory notes
came from Lakin by mail; that the proceeds were
credited to the Bank on current account in the regular
course of business, and that the credit was not extended
to Carr, but to the Bank of which he was cashier; and
L. F. Wilson, Vice President of the National Bank of
Commerce, testified that the notes were discounted in
the regular course of business, and that the money
was either expressed upon the order of the Bank of

Railway Co. v. Cooper.

Lakin, paid out upon its drafts, or forwarded to its eastern correspondents to its credit. There is a suggestion that Carr had used part of the money by investing in property in his own name; but we think the evidence supports the finding of the Court that the Bank of Lakin actually received the money borrowed on said notes, and, if so, it would make no difference that the Cashier appropriated a part of the same to his own use.

A principal cannot receive and retain the benefits of a transaction, and at the same time deny the authority of the agent by whom it was consummated. *Elwell et al. v. Chamberlin*, 31 N. Y. 611, 619 ; *Busch v. Wilcox*, 82 Mich. 315 ; *Morse v. Ryan*, 26 Wis. 356, 362 ; *Mundorff v. Wickersham*, 63 Pa. St. 87.

The judgment of the District Court must be affirmed.

All the Justices concurring.