[No. 24339.   Department One.   May 29, 1933.]

GEORGE F. MILLER, *Respondent*, v. CASCADE CANNING COMPANY, *Defendant*, IRA D. CARDIFF *et al.*, *Appellants.*[1]

*Grady & Velikanje, Stanley P. Velikanje,* and *J. Harold Anderson,* for appellants.

*Crollard & O'Connor,* for respondent.

MITCHELL, J.—This action was brought in the superior court for Chelan county to recover the balance due on a promissory note appearing to have been signed, "Cascade Canning Co., Ira D. Cardiff, Pres.," and endorsed "Ira D. Cardiff." The complaint is in the usual form. Mrs. Cardiff was made a defendant upon the allegation that her husband's signature created a community obligation. The Cascade Canning Company made no appearance, and suffered an order of default to be entered against it. Ira D. Cardiff and wife, answering the complaint on June 20, 1932, ad-

[1]Reported in 22 P. (2d) 657.

mitted that the Cascade Canning Company executed the note, but denied that Ira D. Cardiff endorsed it.

Upon written notice on behalf of plaintiff, the cause was, on August 27, 1932, duly assigned for trial on September 2, 1932. On the day of the trial, the defendants taking no part, the plaintiff put in his proof, upon which judgment was entered against the Cascade Canning Company and against Ira D. Cardiff and the marital community consisting of himself and his wife. He and his wife have appealed.

The assignments of error are that the court erred in setting the case for trial and thereafter refusing to vacate the setting and allow appellants to pay a jury fee and have a continuance for trial.

The attorneys for the appellants residing in Yakima received proper written notice that, on August 27, 1932, the case would be called for assignment for trial. The notice, according to a note of issue, was placed upon the motion docket of the superior court for August 27. Neither of the attorneys for the appellants was present on August 27, but on or about that date Ira D. Cardiff personally requested a local attorney in Wenatchee to ascertain if the case was to be assigned that day. The local attorney directed an employee in his office to inquire and let him know. The employee reported that, upon calling the office of the clerk of the superior court, the clerk said there was no such case on the motion docket. (It is argued on behalf of respondent that there was a misunderstanding, the clerk, upon receiving the inquiry, being furnished only the name "Cardiff," as defendant, while the title in the docket mentioned the defendants as "Cascade Canning Company, *et al.*") The local attorney was in court, however, when the docket was called, and, as stated in appellants' brief, upon this case being called for assignment for trial, he, the local attorney,

" . . . called the attention of the court and counsel to the fact that he had been informed that the case had not been noted for trial, which information he had communicated to appellants, and *informed the court that appellants needed more time for the preparation of the case*, but notwithstanding this the court set the case for trial for September second as a non-jury case."

The situation was one in which the respondent was entitled to his right to have the case assigned according to the written notice served on appellants' attorneys of record, within the discretion of the court, and surely there was nothing arbitrary in requiring the limited issues, consisting of the denial of the signature of Ira D. Cardiff as an endorser of the note and what would be a reasonable attorney's fee to be included in the judgment upon the note, to be tried six days thereafter.

On September 2, 1932, at or before the call of the case for trial, appellants moved the court to vacate the setting of the case and to continue it for hearing at a later date, "with permission to deposit a jury fee and have the case tried before the jury." A written demand for a jury trial was filed that day, and a jury fee was paid or tendered. The motion was heard upon affidavits, the appellants making no claim upon the merits of the controversy, nor on account of the absence of witnesses, but renewing the objections urged on August 27 against the assignment of the action for trial. The motion was in all respects denied. The appellants took no part in the trial on the merits.

In counties other than those of the first class, Rem. Rev. Stat., § 316, provides:

"In all civil actions triable by a jury in the superior court any party to the action may, *at or prior to the time the case is called to be set for trial serve upon*

*the opposite party or his attorney, and file with the clerk of the court a statement of himself, or attorney, that he elects to have such case tried by jury. At the time of filing such statement such party shall also deposit with the clerk of the court twelve dollars,* which deposit, in the event that the case is settled out of court prior to the time that such case is called to be heard upon trial, shall be returned to such party by such clerk. *Unless such statement is filed and such deposit made, the parties shall be deemed to have waived trial by jury, and consented to a trial by the court* . . . " (Italics ours.)

This statute was not complied with, the appellants thereby waiving trial by jury.

The other questions in the case are of the kind resting largely in the discretion of the trial judge, and were disposed of without any abuse of discretion. There was no error in the trial of the case.

Judgment affirmed.

BEALS, C. J., HOLCOMB, and MILLARD, JJ., concur.