[No. 27392. Department One. April 20, 1939.]

F. M. MOHR, *Respondent*, v. SUN LIFE ASSURANCE COMPANY OF CANADA, *Appellant*.[1]

*Graves, Kizer & Graves*, for appellant.

*G. E. Lovell*, for respondent.

MAIN, J.—This action was based upon an assigned claim, and a money judgment was sought. The trial was to the court without a jury, and resulted in find-

[1]Reported in 89 P. (2d) 504.

ings of fact from which it was concluded that the plaintiff was entitled to recover. From a judgment entered against the defendant in the sum of $245.60, it appeals.

The facts essential to be stated are these: The appellant, the Sun Life Assurance Company, has its head offices in Montreal, Canada, and it does business throughout the United States and Canada. The company has a branch office in the city of Spokane. As manager of this office, one Arthur Smith was employed, and, as manager of that office, he had jurisdiction over the eastern part of this state, all of Idaho, and part of Oregon. Employed by the appellant as a solicitor of applications for insurance was one Ben I. Fry.

The Spokane Security Finance Company also had an office in the city of Spokane, and was engaged in the business of loaning money. October 28, 1935, Fry borrowed $345 from the company, and it was provided in the note that $38.75 should be paid on or before the 27th day of each month for eight months. October 28, 1935, Fry assigned to the finance company any moneys that might be due him from the appellant, to the extent of $39.90 each month for a period of nine months. This assignment was accepted in writing by Smith as manager. Thereafter, Fry earned the sum of $345, or more, and paid the sum of $99.40 on the indebtedness. It thus appears that the basis of the action was to recover from the appellant for not paying money earned by Fry to the finance company, as it was required to do under the assignment and acceptance. Prior to the time the action was instituted, the finance company assigned its claim to the respondent.

The question is whether Smith, as manager of the Spokane office, had apparent authority to accept the assignment of Fry's earnings. The rule is that the principal is bound by the act of his agent when he has placed the agent in such position that persons of ordi-

nary prudence, reasonably conversant with business usages and customs, are thereby led to believe and assume that the agent is possessed of certain authority, and to deal with him in reliance upon such assumption. 3 C. J. S. 140; Restatement of the Law of Agency, 119.

The rule stated is particularly applicable to corporations, which, of necessity, act only through officers and agents and by which the great bulk of the transactions of the commercial world is carried on. *Moses Land Scrip & Realty Co. v. Stack-Gibbs Lumber Co.,* 56 Wash. 529, 106 Pac. 207; *Livieratos v. Commonwealth Security Co.,* 57 Wash. 376, 106 Pac. 1125; *Brace v. Northern Pac. R. Co.,* 63 Wash. 417, 115 Pac. 841, 38 L. R. A. (N. S.) 1135.

Without further elaborating the facts or reviewing the evidence, it is sufficient to say that our conclusion is that the person handling the transaction for the finance company had reason to believe and assume that Smith was acting within the scope of his authority when he accepted the assignment of moneys that might become due to Fry.

The judgment will be affirmed.

BLAKE, C. J., STEINERT, ROBINSON, and JEFFERS, JJ., concur.