SAMUEL H. KYLES *v.* ROBERT N. LANTIS.

NO. 2737.

ARGUED MARCH 7, 1952.                    DECIDED JUNE 3, 1952.

TOWSE, C.J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY LE BARON, J.

This is an action in assumpsit for repayment of money in the sum of $5000 which the plaintiff loaned upon delivery to him of a promissory note. The defendant delivered the note, which was made payable to the order of the plaintiff after date of the note, and signed by the defendant in the name of a third-party corporation and in the capacity of its

president and treasurer. No controversy arises between the plaintiff and the corporation, the action being brought against the defendant only and presenting the sole issue of his personal liability in contradistinction to that of corporate liability. After a jury-waived trial, judgment was entered in favor of the plaintiff and against the defendant.

On exceptions the question meriting consideration is one of law pertaining to the insufficiency and incompetency of the evidence to support the judgment. It is whether the defendant is personally liable either by reason of an unauthorized and unratified act of his in borrowing money on behalf of the corporation or by reason of a prior or contemporaneous oral agreement between the plaintiff and the defendant, under which the defendant became personally liable in place of the corporation.

The evidence is undisputed that at the time of executing the note the defendant was the president and treasurer of the corporation, as well as one of the corporation's three directors and its majority stockholder. The corporation entrusted him with the entire management of its business. It was in financial straits and needed money to pay its debts. As chief administrative officer so entrusted, the defendant executed the note on behalf of the corporation at its office in the usual course of business for the purpose of borrowing money to pay corporate debts. As treasurer, he thereafter paid such debts with the borrowed money. Under these facts and circumstances the defendant had apparent or ostensible authority to borrow money on behalf of the corporation, even though he may not have had actual authority by mere virtue of his offices in combination with his status as director and majority stockholder. (See 13 Am. Jur. 870, § 890, for collection of authorities.) The rule of apparent or ostensible authority is particularly applicable to corporations which act only through officers and agents. (See *Mohr* v. *Sun Life Assur. Co. of Canada,*

198 Wash. 602, 89 P. [2d] 504.) Indeed, the corporation would have been estopped to deny the defendant's authority had the plaintiff not abandoned a prior action against the corporation to enforce that note. Moreover, even if that act of borrowing were not authorized, the corporation impliedly ratified it with full knowledge of the facts by accepting and retaining.the direct benefits of having its debts paid with the money borrowed by the defendant on its behalf. Nor can that ratification be negatived by a subsequent repudiation of corporate obligation where, as here, the corporation did not return or even offer to return the money or otherwise attempt to place the plaintiff in *statu quo*. (See *Bank of Lakin* v. *National Bank*, 57 Kan. 183, 45 Pac. 587.) Thus, the defendant's act of borrowing was either authorized or ratified and therefore, as the agent of the corporation, he was not personally liable for the corporate liability of his principal unless parol evidence of a prior or contemporaneous oral agreement is competent to prove otherwise.

There is nothing on the face of the promissory note, or in the manner of the signature, to create an ambiguity or uncertainty as to the identity and liability of the corporation as the sole maker. This is evident from the body of the note which reads: "5000.00 5-8, 1947 Lantis Motors after date I promise to pay to the order of Sam Kyles [the plaintiff] Five Thousand Dollars at 800 S. Beretania [the office of corporation] Value Received LANTIS MOTORS, LTD. by Robert Lantis [signature of defendant] pres & treas." Nor does a notation written on the face of that note at the time create such an ambiguity or uncertainty, such notation reading: "Note — this total amount to transferred into corporation stock of Lantis Motors Ltd or new corporation as reorganized by said date July 15-47 or paid by cash return in full by terms later agreed." On the contrary, nothing in the phraseology thereof disturbs the

identity of the corporation as the sole maker, even though the notation may be ambiguous or uncertain as to conditions, time and terms of payment, for which parol evidence is admissible to resolve or explain when the notation is construed with the note as a part thereof. (See *Heywood* v. *Perrin,* 10 Pick. [Mass.] 228, 20 Am. Dec. 518.) But this court is concerned only with the maker's identity and liability, not with the extent that such notation qualifies the otherwise negotiable character of the instrument itself. Thus, while the notation signifies an intent to discard or modify some of the essential requisites of a negotiable instrument, the note as a whole signifies no intention to substitute the defendant for the maker or to change its corporate liability into his personal liability.

The promissory note, so qualified, was chosen by the plaintiff and the defendant to evidence the loan transaction and on delivery terminated the prior negotiations between them. That writing therefore is clearly the final embodiment of the obligation in respect to the identity and liability of the maker. Nor in that respect can it be varied or contradicted by parol evidence. Thus, the capacity in which the defendant signed on behalf of the corporation as its president and treasurer, as well as the resultant character of the obligation as one of the corporation, being unambiguous and certain, parol evidence of a prior or contemporaneous oral agreement to prove that he signed in another capacity so as to be personally liable or that the note has a different character would be violative of the familiar rule against the admission of such evidence to change or vary either the terms or legal effect of a written instrument. That rule obtains, even if the case were one where a payee had knowledge that in fact the agent of the maker was signing in some other or different capacity so as to admit personal liability under the note contrary to the plain terms and clear legal effect manifested on its face.

(See *McNamara* v. *Pickett,* 109 Vt. 500, 1 A. [2d] 716.) This is particularly true where, as here, the plaintiff has not sustained his burden of showing mutual mistake or fraud by clear, satisfactory and convincing testimony. On the contrary, his testimony established neither mutual mistake nor fraud. He testified that the note was drawn in his presence and that he read and tacitly approved it, witnessed the signing of it, accepted delivery of it and loaned five thousand dollars upon it. Aside from testifying to the prior or contemporaneous oral agreement, the plaintiff further testified that as a basis of fraud the defendant misrepresented the legal effect of the note. But it is the well-settled general rule that fraud cannot be predicated upon misrepresentations of law or misrepresentation as to matters of law. That rule is applicable to misrepresentations as to the legal effect of a note. (See *Wicks* v. *Metcalf,* 83 Ore. 687, 163 Pac. 434.) Hence, the plaintiff had no right to rely on the misrepresentation of the defendant and will not be permitted to say that he was misled by it. Nor was the plaintiff in fact so misled when he subsequently brought action against the corporation as sole defendant to enforce the note consistently with its plain terms and its true legal effect. Nevertheless, for reasons of his own he abandoned that action and brought the instant action against the defendant to enforce the same note.

The plaintiff now contends that the corporate entity of the maker may be disregarded for the purpose of holding the defendant personally liable on the grounds that the corporation and the defendant are in reality one and the same thing to the extent that it is immaterial whether one or the other is sued on the note or both jointly sued. No authorities are cited, however, which support such a novel contention and this court has found none. Needless to say, the contention is without merit. The remaining contentions of the plaintiff all concern the personal liability of the

defendant. The complete answer to them is that, as a matter of law, neither a payee nor a maker in an action upon an obligation evidenced by a promissory note can avail himself of a prior or contemporaneous oral agreement, irrespective of the parties thereto, to render absolutely meaningless the unambiguous and certain terms or legal effect of the note as to the maker's identity and liability.

On review of the entire record, this court finds as a matter of law that there is no sufficient and competent evidence in the record to support the judgment or any tending to prove personal liability on the part of the defendant.

Exceptions pertaining to the insufficiency and incompetency of the evidence are sustained and the cause remanded below with instructions to set aside the judgment and to enter a new judgment in favor of the defendant and against the plaintiff consistent with this opinion.

*D. G. Ridley* (also on the briefs) for appellant.

*E. E. Wiles* (*Mirikitani & Wiles* on the briefs) for appellee.