[No. 35867.    Department Two.    February 1, 1962.]

GEORGE DELEGAN *et al., Respondents,* v. E. A. WHITE *et al., Appellants.**

*Sharp & Bishop,* for appellants.

*Savage, Nuxoll & Brennan,* for respondents.

PER CURIAM.—This is another factual appeal. The defendants (growers, packers, brokers and shippers of fruit at Lewiston, Idaho) stopped payment on a check for $756.60, given to the plaintiffs (fruitgrowers at Penawawa, Wash-

* Reported in 368 P. (2d) 682.

ington) as payment for a truckload (582 lugs) of Elberta peaches.

The plaintiffs brought an action to recover the amount of the check; the defense was "failure of consideration," in that the peaches were not as warranted. From a judgment for the plaintiffs, the defendants appeal.

The negotiations for the sale of the peaches were conducted by telephone, two telephone calls being involved. The crux of the case was whether the defendants had established a breach of an express warranty that the peaches were to be Washington State No. 1 grade Elbertas. The plaintiff George Delegan testified as to the first conversation: That, without any reference to grade, the defendant E. A. White agreed to buy five hundred[1] twenty-pound lugs of Elberta peaches at $1.40 a lug.

The second conversation was between Sophia Delegan and the defendant E. A. White; and her testimony was that he called, asked if the peaches were ripe, and said he did not want them unless they were.

E. A. White's version of the first conversation was that Delegan offered him No. 1 Elberta peaches, and he agreed to buy 500 twenty-pound lugs of such peaches at $1.30 a lug; and, concerning the second conversation, he testified:

" . . . I called back again and cautioned them about being too green and told them I wanted them firm ripes. . . ."

Had the trial court accepted the defendant's version of the telephone conversations, i.e., that there was an express warranty that the peaches would be "Washington State No. 1 Grade Elberta Peaches," the situation before us would be quite different. However, the trial court accepted the plaintiffs' version, i.e., that White specified only ripe Elberta peaches; and, further, specifically found that he did not specify "Washington State No. 1 Grade Elberta Peaches."

---

[1]The truckload of peaches delivered by the plaintiffs contained 585 twenty-pound lugs. No exception is taken by the defendants to the fact that there were 85 additional lugs. The check given was based on 582 lugs at $1.30, three of the lugs having been missed when the count was made.

■ We cannot say that these findings are not supported by substantial evidence. Where there are two witnesses to a conversation whose testimony is in conflict, the trial court may believe one and disbelieve the other. *Ryan v. Ryan* (1956), 48 Wn. (2d) 593, 295 P. (2d) 1111.

■ The trial court's determination, on conflicting evidence, is decisive (assuming the evidence supporting the trial court's finding to be substantial). *Thorndike v. Hesperian Orchards, Inc.* (1959), 54 Wn. (2d) 570, 575, 343 P. (2d) 183. We said in that case that even

" . . . If we were of the opinion that the trial court should have resolved the factual dispute the other way, the constitution does not authorize this court to substitute its findings for that of the trial court. . . ."

■ There was also substantial evidence to sustain the trial court's further finding that the peaches delivered to the defendants were of the kind specified by the defendant E. A. White, *i.e.*, ripe Elberta peaches. Hence there was no breach of warranty and no failure of consideration.

The defense of failure of consideration not being established, the plaintiffs were entitled to judgment on the check.

Nothing further need be said, and we do not reach the intriguing question of whether the inspection made by the defendant E. A. White, at the time the peaches arrived at the storage plant, was sufficient to constitute an irrevocable acceptance regardless of any warranty.

The defendants, in their reply brief, protest somewhat bitterly against the trial court's failure to make findings with reference to three matters they deem established by uncontroverted testimony. We shall deal with their contentions because they represent a somewhat prevalent misunderstanding. Defendants urge that the trial court ignored the fact that it is conceded that each of the 585 lugs had stenciled on it: "Elberta, Wash. State No. 1 20# grown and packed by Chris Delegan & Sons, Penawawa, Wash."

■ We have held that a trial court does not have to make findings based on every bit of evidence offered, even

though it be undisputed. Evidentiary facts are not required to be included in findings. It is sufficient if, on the basis of all the evidence, the trial court finds the ultimate facts on the material issues. *Whitney v. McKay* (1959), 54 Wn. (2d) 672, 678, 344 P. (2d) 497; *Miller Lbr. Co. v. Holden* (1954), 45 Wn. (2d) 237, 245, 273 P. (2d) 786; *Eickerman v. Eickerman* (1953), 42 Wn. (2d) 165, 169, 253 P. (2d) 962.

The terms of the sale had obviously been agreed upon in the telephone conversations to which we have referred; and what was stenciled on the lugs, which the defendant E. A. White did not see until the peaches were delivered, could not have induced the sale. The claim of reliance on this stenciling on the lugs seems to us a bit of "straw grasping," and the straw seems inherently weak inasmuch as the stencil reportedly said "grown and packed by Chris Delegan & Sons," when Mr. White knew that Chris Delegan had nothing to do with growing and packing the peaches being purchased. The stenciling on the lugs was in evidence for what it was worth. The fact that it was undisputed added nothing to its weight.

Defendants complain that the trial court also ignored the violation of Laws of 1957, chapter 192 (see RCW 15.16.450-490), which makes it a misdemeanor to transport fresh peaches from the area of their production unless they have been inspected by a state horticultural inspector and found to comply with the obligatory rules and regulations as adopted by the Director of Agriculture.

This is a penal statute; whether, in a civil action by one injured by its violation, damages resulting therefrom may be recovered, is not before us. It has no bearing on the breach of warranty which was the basis of the affirmative defense to the action on the check.

As heretofore pointed out, the trial court was under no obligation to make a finding relative to this matter.

The third complaint was that the court made no finding relative to the testimony of the Idaho horticultural inspector, J. R. Mullarky, who testified that the peaches were of cull grade.

Whether the trial court regarded the sampling of twelve lugs, from a total of 585, as an inadequate basis for the conclusions reached by the witness, or whether he regarded the "20% soft" as found by the witness, as no breach of the agreement to furnish ripe Elberta peaches, we do not know. In any event, the trial court was under no obligation to refer to his testimony, or make findings based on it.

The judgment is affirmed.

March 8, 1962. Petition for rehearing denied.