**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Neil S. OMDAHL; Barbara L. Omdahl,
husband and wife, Defendants–
Appellants,**

**and**

**Lawrence H. Hansen; Bernice T. Hansen,
husband and wife; Clyde E. Ledbetter;
Mary E. Ledbetter, husband and wife,
Defendants.**

**No. 95–35753.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 8, 1996.

Decided Jan. 13, 1997.

David L. Day, Mount Vernon, WA, for defendants-appellants.

Marion J. Mittet, Assistant United States Attorney, Seattle, WA, for plaintiff-appellee.

Before: BEEZER and O'SCANNLAIN, Circuit Judges, and BROWNING, District Judge.[1]

WILLIAM D. BROWNING, District Judge:

Appellee, the United States, brought this action to foreclose on Appellants' mortgage when Appellants defaulted on the promissory notes owed to the United States through the Farmers Home Administration (FmHA). The district court granted summary judgment for the United States and entered a decree of mortgage foreclosure. Appellants brought this timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

## I

In July 1982, Appellants executed two promissory notes to the United States, through FmHA in the amounts of $66,270.00 and $28,730.00, to be paid annually, over twenty-one years. As security for the notes, Appellants mortgaged three parcels of land, described as parcels A, B, and C. At the time of the mortgage, Appellants were full owners of Parcels A and C, but co-owned Parcel B along with Lawrence and Bernice Hansen, husband and wife. Appellants were able to pay only the first two installments on each note, and defaulted on the installments due January 1, 1985. They have not made payment on the notes since 1984.

In 1989, the FmHA County Supervisor presented Appellants with a proposal to write down their debt to a manageable amount. The amount offered to Appellants was $6,307.51. Appellants accepted the offer but did not immediately pay the money. Six months after the initial offer, however, FmHA informed Appellants that the initial offer was a mistake due to a computer error and that it had not been approved by the

State Director as required by federal regulations. Another write-down was offered at $117,029.00. Appellants did not accept this offer.

FmHA accelerated the loans on June 19, 1992, and filed its foreclosure action on May 9, 1994. As of July 12, 1995, when the district court gave its Judgment and Decree of Mortgage Foreclosure, Appellants owed $95,350.00 on the principal and $137,328.97 in interest. FmHA is seeking recovery only against the property and does not seek a deficiency judgment.

## II

This Court reviews the district court's grant of summary judgment *de novo*. *Briggs v. Sullivan*, 954 F.2d 534, 537 (9th Cir.1992).

Appellants contend that the United States is barred from bringing a foreclosure action based on the statute of limitations. The federal government generally has immunity from limitations periods for actions brought in its sovereign capacity pursuant to federal statute. *United States v. California*, 507 U.S. 746, 757–58, 113 S.Ct. 1784, 1790–91, 123 L.Ed.2d 528 (1993). This immunity is implied in all federal enactments unless expressly waived. *Board of Comm'rs v. United States*, 308 U.S. 343, 351, 60 S.Ct. 285, 288, 84 L.Ed. 313 (1939). However, Appellants argue that Congress expressly waived governmental immunity for foreclosure actions when it enacted 28 U.S.C. § 2415(a), which waives governmental immunity from limitations periods for contract actions brought by the federal government.

The United States concedes that it is time barred by § 2415(a) from bringing any action for money damages on a contract theory. However, the United States is not claiming money damages, but merely seeks to foreclose on a property interest. Section 2415(c) reads: "Nothing herein shall be deemed to limit the time for bringing an action to establish the title to, or right of possession of, real or personal property." Section 2415(c) ap-

---

1. The Honorable William D. Browning, United States District Judge for the District of Arizona, sitting by designation.

plies to a mortgage foreclosure action. *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1489–90 (9th Cir.1993). We now reaffirm our previous holding that the United States is not time barred from foreclosing on a mortgage even though it would be barred from bringing an action for money damages by § 2415(a). *United States v. Thornburg*, 82 F.3d 886, 894 (9th Cir.1996). A mortgage action brought by the United States is *not* subject to a limitations period, so Appellants' argument must fail.[2]

### III

■ Appellants further contend that a partnership existed between themselves and the co-owners of Property B, and thus that Parcel B could not be mortgaged without consent of the other partners. The district court granted summary judgment for the United States on the partnership issue, finding that Appellants did not proffer adequate evidence that a partnership existed.

■ Under Washington law, a presumption exists that property with interests held by two or more people is held as a tenancy in common, unless a partnership is formed or it is declared to be a joint tenancy. Wash. Rev. Code § 64.28.020(1). Thus, the burden is on Appellants to show that a partnership existed. The only evidence proffered by Appellants is a declaration made by Appellant Neil Omdahl in 1992 in preparation for trial that refers to Parcel B as "partnership property" and declares that Omdahl did not intend to mortgage that property. This statement alone does not support Appellant's contention that a partnership existed, particularly in light of the fact that both Omdahl and the other owner, when Omdahl was mortgaging the property, admitted numerous times that each owner had, at most, a 50% undivided interest in Parcel B. Because partnership property cannot be mortgaged without the consent of all partners, the existence of a partnership is a material fact which the FmHA explored. No evidence existed at the time of the mortgage that Parcel B was partnership property. Appellants cannot now claim the existence of some sort of part-

nership of which the FmHA was not, nor could it have been, aware.

### IV

■ Finally, Appellants claim that the mistaken write-down offer made by the County Supervisor estops the United States from foreclosing on Appellants' property. To bolster this argument, Appellants cite case law to the effect that a principal is bound by the acts of its agent. *See, e.g., Lumber Mart Co. v. Buchanan*, 69 Wash.2d 658, 662, 419 P.2d 1002, 1005 (1966). Appellants specifically point to a misstatement by the County Supervisor that the requirement of the State Supervisor's signature on the write-down offer was a "mere formality."

■ A claim of estoppel against the United States creates a "heavy burden" upon the party asserting it. *United States v. Shampang*, 987 F.2d 1439, 1444 (9th Cir.1993). In addition to the traditional elements of estoppel, the party must also prove that the United States engaged in affirmative conduct beyond mere negligence, that the party would suffer a severe injustice if estoppel is not applied, and that the public would not be burdened by its application. *Id.* Appellants' assertions fall far short of meeting the heavy burden imposed by these requirements.

First, the computer error and the offer made by the County Supervisor based on that error establish, at best, mere negligence. No evidence suggests intentional or reckless misconduct on the part of FmHA or its agents. Second, Appellants would suffer no injustice; they did not rely to their detriment on the offer in any way, as they did not even begin to pay on the mistaken "offer." Furthermore, the United States' mistaken offer did not prevent them from obtaining assistance elsewhere. Third, the offer made to Appellants was a fraction of what they owed on the promissory notes; the United States would not only have lost any interest it could have made on the notes, it also would have lost the great majority of its principal. Thus, the public would be burdened by applying estoppel.

---

**2.** Because we hold that the FmHA's claim is not barred by any limitations period, Appellants' arguments regarding laches and accrual times need not be addressed.

■ Appellants' agency arguments also fail. "[A]nyone entering into an arrangement with the Government takes the risk of having accurately ascertained that he who purports to act for the Government stays within the bounds of his authority." *Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 384, 68 S.Ct. 1, 3, 92 L.Ed. 10 (1947). It is clear from the write-down document itself and from federal regulations that any write-down offer must be approved by the state director. 7 C.F.R. § 1951.903(b). Thus, Appellants are charged with the knowledge that the state director's approval was required for the write-down offer, and, because such approval was not obtained, the United States is not bound by the offer conveyed by the County Supervisor.

AFFIRMED.