122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maureen R. O'BOYLE; Thelma J. Lee, Defendants-Appellants,
and
NAUGHTY PINES FARM, Counterclaimants-Third-Party-Plaintiffs,
v.
UNITED STATES of America, Counterclaims-Defendant,
and
FIRST NATIONAL BANK OF WHITEFISH, Evergreen Bancorporation,
Inc.; Glacier Bancorp, Inc.; Richard A. Dansen, Sr.;
Roland Newton; Dean Nelson; Keith Armstrong; Dennis
Green; F. Charles Mercord,
Defendants-Third-Party-Defendants-Appellees.
 No. 96-36172.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the District of Montana. Charles C. Lovell, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Maureen R. O'Boyle and Thelma J. Lee appeal pro se the district court's summary judgment in favor of the United States and third-party defendants in the United States's foreclosure action on behalf of its agency, the Small Business Administration ("SBA"), for O'Boyle and Lee's property securing two SBA guaranteed loans.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291. We review a grant of summary judgment de novo, see United States v. Omdahl, 104 F.3d 1143, 1145 (9th Cir.1997), and we affirm.
 
 
 4
 The district court did not err by determining that res judicata barred O'Boyle and Lee's claims against third-party defendants.[1] See Springs v. First Nat'l Bank of Cut Bank, 835 F.2d 1293, 1295 (9th Cir.1988); Tisher v. Norwest Capital Management & Trust Co., 859 P.2d 984, 987-88 (Mont.1993) (stating four criteria for res judicata under Montana law). O'Boyle and Lee had the opportunity in their state action to litigate the issues raised against third-party defendants, but agreed to dismissal with prejudice, which has the same effect as a judgment on the merits. See id. at 989-90. The United States is also entitled to res judicata because it was in privity with third-party defendant First National Bank as the Bank assigned its interest in two SBA loans to the SBA. See id. at 988.
 
 
 5
 Because we lack jurisdiction to review a state court's decisions, O'Boyle and Lee are barred from arguing that the state court judgment was obtained by fraud or collusion. See Pedrina v. Chun, 97 F.3d 1296, 1303 (9th Cir.1996) (no review of dismissal of state court action), cert. denied, 117 S.Ct. 2441 (1997).
 
 
 6
 The district court did not err by determining that the United States has sovereign immunity for O'Boyle and Lee's claims of deceit, defamation, misrepresentation, fraud, and interference with contract rights. See 28 U.S.C. § 2680(h) (1997); Hoesl v. United States, 629 F.2d 586, 587 (9th Cir.1980) (per curiam) The United States also has sovereign immunity for administering the SBA loans, which involved discretionary functions. See 28 U.S.C. § 2680(a) (1997); United States v. Gaubert, 499 U.S. 315, 325-26 (1991) (discretionary act involves choice or judgment); Gifford v. Small Bus. Admin., 626 F.2d 85, 87 (9th Cir.1980) (holding SBA actions discretionary, and therefore unreviewable under Administrative Procedure Act).
 
 
 7
 Because the IRS was a junior lienholder to the SBA, the district court correctly determined that excluding the Internal Revenue Service ("IRS") as a party did not affect the judgment. See Citibank, N.A. v. Oxford Properties & Fin. Ltd., 688 F.2d 1259, 1261-62 (9th Cir.1982) (foreclosure action does not affect absent junior lienholder).
 
 
 8
 The district court did not abuse its discretion by determining that O'Boyle and Lee's defense of duress was a claim of economic distress, which is not a defense under Montana law. See Federal Sav. and Loan Ins. Corp. v. Gemini Management, 921 F.2d 241, 244 (9th Cir.1990); see also Shiplet v. First Sec. Bank of Livingston, 762 P.2d 242, 248-49 (Mont.1988), overruled on other grounds by Sacco v. High Country Indep. Press, 896 P.2d 411, 423 (Mont.1995).[2]
 
 
 9
 The district court did not abuse its discretion by determining it lacked jurisdiction over third-party defendants F. Charles Mercord and Glacier Bancorp under Fed.R.Civ.P. 14(a). See Stewart v. American Int'l Oil & Gas Co., 845 F.2d 196, 199-200 (9th Cir.1988) (dismissing third-party complaint for failure to show party would be liable for claims against defendant).[3]
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3. Saw Only
 
 
 [1]
 O'Boyle and Lee's notice of appeal as to third-party appellees was timely because the judgment in appellees' favor adjudicated fewer than all of the parties' claims, and the district court did not expressly determine there was no reason for delay. See Fed.R.Civ.P. 54(b)
 
 
 [2]
 Although the United States's motion to strike was untimely, any error was harmless because the district court was entitled to strike the defense on its own initiative. See Fed.R.Civ.P. 12(f)
 
 
 [3]
 We lack jurisdiction to review the district court's order confirming the United States Marshal Sale, because O'Boyle and Lee failed to file an amended notice of appeal. See Fed. R.App. P. contentions and find that they are without merit