997 So.2d 628 (2008)
LLP MORTGAGE, LTD.
v.
FOOD INNOVISIONS, INC., Leon J. Cabes & Cheryl S. Cabes.
No. 08-CA-422.
Court of Appeal of Louisiana, Fifth Circuit.
October 28, 2008.
Mark C. Landry, Attorney at Law, Metairie, LA, for Plaintiff/Appellant.
David F. Waguespack, Attorney at Law, New Orleans, LA, for Defendants/Appellees.
Panel composed of Judges SUSAN M. CHEHARDY, WALTER J. ROTHSCHILD, and FREDERICKA HOMBERG WICKER.
WALTER J. ROTHSCHILD, Judge.
This is an appeal from a trial court ruling granting defendants' exception of prescription. For the reasons which follow, we affirm.
On May 25, 2006, LLP Mortgage, Ltd., filed the present petition against Food Innovisions, Leon Cabes, Jr., and Cheryl Cabes, alleging that plaintiff was the holder of certain notes which were executed by defendants in 1995.[1] These notes were *629 secured by two mortgages executed by Leon and Cheryl Cabes. Plaintiff alleged that the notes were in default and prayed for acceleration of all sums due thereon. Defendants filed an answer generally denying the allegations of the petition. Thereafter, defendants brought a peremptory exception of prescription. Following a hearing on November 26, 2007, the trial court maintained the exception and dismissed plaintiffs petition. This appeal followed.
The trial court ruled in favor of defendants that the promissory notes were prescribed pursuant to federal law, and plaintiff does not challenge this ruling. The sole issue presented for our review is whether the mortgages executed by Leon and Cheryl Cabes remain viable and enforceable notwithstanding the prescription of the underlying promissory notes.
At the exception hearing at the trial level, LLP argued that even assuming the promissory notes are prescribed under federal law, the mortgages are enforceable, as there is no federal rule for prescription of a mortgage. LLP relied on Farmers Home Administration v. Muirhead, 42 F.3d 964 (5th Cir.Miss.1/24/95), which held that a federal lien on property is not subject to state law statutes of limitations and is not subject to any prescriptive periods. Thus, LLP argued that pursuant to federal law the mortgages in this case are imprescriptable.
However, in the present case, defendants are not arguing that the mortgages are prescribed or are barred by a statute of limitations. Rather, defendants argue that the mortgages have been extinguished and are therefore unenforceable because the underlying notes have prescribed under both state and federal law. In support of this argument, defendants cite La. C.C. art. 3282, which provides:
Mortgage is accessory to the obligation that it secures. Consequently, except as provided by law, the mortgagee may enforce the mortgage only to the extent that he may enforce any obligation it secures.
The trial court agreed with defendants and found the mortgages to be unenforceable. By judgment dated November 26, 2007, the court granted defendants exception of prescription and dismissed plaintiff's suit for the reasons orally assigned. It is from this judgment that plaintiff now appeals.
The mortgages in this case are entitled "Louisiana Combination Mortgage" and each purport to contain all of the statutory requisites of a Louisiana mortgage. Although the mortgages were initially executed in 1995 in favor of the Small Business Administration, an agency of the United States Government, they were subsequently assigned to plaintiff by the SBA following a purchase of the loans which were in default.
Louisiana law clearly provides that a mortgage is an accessory to the obligation it secures and can only be enforced to the extent of the obligation. There is no dispute in the present case that the obligation (i.e., the promissory notes) secured by the mortgages is no longer enforceable. In light of the facts of the present case, we must consider whether state law regarding the accessory nature of a mortgage is applicable to these mortgages which were originally executed in favor of a federal agency.
*630 In support of its contention that the mortgages are valid and enforceable notwithstanding the prescription of the underlying notes, LLP relies on Farmers Home Admin. v. Muirhead, supra, 42 F.3d at 967, for the holding that the United States and its agencies are not subject to a statute of limitations unless Congress has provided otherwise. LLP recognizes that 28 U.S.C. Section 2415(a), which provides that actions for money damages brought by the United States "shall be barred unless the complaint is filed within six years after the right of the action accrues ...." contains an authorized prescriptive period for enforcement of promissory notes. However, 28 U.S.C. Section 2415(c) provides that there is no time limit under federal law for bringing an action to establish the title to, or right of possession of, real or personal property. Citing a line of federal cases, LLP contends that as there is no congressional action providing for a prescriptive period for mortgages, mortgages are imprescriptable under federal law. See, LLP Mortg. Ltd. v. Hotaling, 497 F.Supp.2d 1217, 1219 (D. Colo.2007); U.S. v. Succession of Siddon, 812 F.Supp. 674 (W.D.La. 1993); General Financial Services v. Thompson, 987 F.Supp. 505 (M.D.La. 1997); U.S. v. Oliver, 2008 WL 215398 (W.D.La.1/24/08).[2]
We have reviewed each of the cases cited by LLP in its brief, and we fail to find this line of cases controlling of the present cause of action. Several of these cases refer to statutes from other states which clearly provide prescriptive period for enforcement of a mortgage. Even assuming that the prescriptive period contained in 28 U.S.C. Section 2415(a) is not applicable to foreclosure actions pursuant to the terms of Section 2415(c), we fail to find that the Louisiana statutory provisions violate federal law. La. C.C. art. 3282 is not a prescriptive period or a statute of limitations. Unlike the statutes relied upon in the jurisprudence cited by LLP, the Louisiana statute does not provide that the mortgages have prescribed, but rather provides that mortgages are accessories to the obligations they secure. We fail to interpret this statute as providing for an impermissible time limit for bringing an action to establish title to real property.
Accordingly, as La. C.C. art. 3282 does not confer a limitation or prescriptive period, we fail to find that it is supplanted by federal statutory and jurisprudential law. See, United States v. Kimbell Foods, Inc., 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1979). Rather, we find that the provisions of La. C.C. art. 3282 are applicable to the factual situation in the present case, and that LLP can only enforce the mortgages to the extent it can enforce the obligation it secured. As there is no dispute that the promissory notes secured by the mortgages have prescribed under both state and federal law, we find no error in the trial court's determination that the mortgages in this case are unenforceable.
For these reasons, the judgment of the trial court is affirmed. LLP is to bear all costs of this appeal.
AFFIRMED.
NOTES
[1] Plaintiff alleges that the notes were payable to the order of the United States Small Business Administration and were endorsed to the order of plaintiff on July 27, 2001. Plaintiff further alleges that on June 20, 2002 the Small Business Administration assigned the notes and mortgage to plaintiff.
[2] The court in this case held that La. C.C. art. 3285 and La. C.C. art. 3498, when read together, provide an impermissible prescriptive period for enforcement of a mortgage in favor of a federal agency. However, the court in that case miscited and misquoted La. C.C. art. 3285, and we decline to apply the holding to an interpretation of La. C.C. art. 3282, which is at issue herein.