IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-30305

UNITED STATES OF AMERICA, on behalf of United States Department of Agriculture, also known as Farm Service Agency, formerly known as Farmers Home Administration

Plaintiff - Appellee

v.

NATHAN EDGAR OLIVER, III

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:07-CV-0590

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Nathan Edgar Oliver, III appeals a summary judgment granted against him arising out of an in rem action by the United States to foreclose on property he owned. His sole defense to the action was that the mortgages were unenforceable because the statute of limitations had run on the underlying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

notes. For the reasons set forth below, we agree with the district court and AFFIRM.

I.

This case was brought by the United States of America, acting through the Farmers Home Administration ("FmHA"), now known as the Farm Service Agency. The FmHA seeks to obtain an in rem judgment on the basis of two promissory notes secured by mortgages on Oliver's property. Within each mortgage, Mr. Oliver:

> expressly agree[d] that the Government will not be bound by any present or future States laws . . . (b) prohibiting the maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought [or] (c) prescribing any other statute of limitations. . . . Borrower expressly waives the benefit of any such State laws.

There is no dispute that Oliver defaulted on the two notes; he has not made a payment since 1992. The FmHA accelerated the notes in 1997, but did not bring this in rem foreclosure action until 2007. On cross-motions for summary judgment, the district court granted summary judgment for the United States.

II.

We review de novo the district court's grant of summary judgment. XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd., 513 F.3d 146, 149 (5th Cir. 2008); see also FED. R. CIV. P. 56(c). Summary judgment is appropriate if the summary judgment evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. PROC. 56(c). Neither party contends that there are material fact issues. Instead, they disagree on the applicable law.

III.

"Under a nationwide federal loan program like that of [the] FmHA, it is settled that federal law ultimately controls the government's rights and responsibilities." Farmers Home Admin. v. Muirhead, 42 F.3d 964, 965 (5th Cir.

1995) (citing United States v. Kimbell Foods, Inc., 440 U.S. 715, 727 (1979)). In particular, the United States and its agencies are not subject to a statute of limitations unless Congress has provided otherwise. Muirhead, 42 F.3d at 967.

Farm loans are subject to two statutes of limitations: 28 U.S.C. § 2415 and 31 U.S.C. § 3716, although only § 2415 is relevant here.[1] Section 2415(a) reads that "every action for money damages brought by the United States or an officer or agency thereof which is founded upon any contract express or implied in law or fact, shall be barred unless the complaint is filed within six years after the right of action accrues . . ." (emphasis added). Section 2415(c) provides: "Nothing herein shall be deemed to limit the time for bringing an action to establish the title to, or right of possession of, real or personal property."

Oliver argues that the six-year statute of limitations under § 2415(a) applies to the present case, while the FmHA asserts that an in rem foreclosure action is excluded from the six-year statute of limitations under § 2415(c). This court, as well as every other United States Court of Appeals to consider the question, has concluded that § 2415(a) does not set a limitations period on mortgage foreclosure actions. Muirhead, 42 F.3d at 966-67; Davidson v. FDIC, 44 F.3d 246, 248-49 (5th Cir. 1995); see also UMLIC VP LLC v. Matthias, 364 F.3d 125, 134 (3d Cir. 2004); United States v. Omdahl, 104 F.3d 1143, 1145-46 (9th Cir. 1997); Westnau Land Corp. v. United States Small Bus. Admin., 1 F.3d 112, 114-16 (2d Cir. 1993); United States v. Ward, 985 F.2d 500, 500 (10th Cir. 1993); United States v. Alvarado, 5 F.3d 1425, 1429 (11th Cir. 1993).

In spite of this precedent, Oliver asserts that the FmHA is precluded from foreclosing on his property under Louisiana property law because the FmHA is barred under the federal statute of limitations from asserting any claim for

---

[1] Section 3716 concerns administrative offsets. 31 U.S.C. § 3716(e)(1).

damages on the debt itself. This court rejected almost identical arguments in Muirhead. See 42 F.3d at 966-67.

Oliver argues that Muirhead involved Mississippi law, which he contends is different from Louisiana law at issue here. He claims, "Louisiana provisions do not read like a statute of limitations, and indeed, are not a statute of limitations." Contrary to Oliver's arguments, the relevant Louisiana statute functions almost identically to that of Mississippi. In Muirhead we noted that "[i]n Mississippi, as in several other states, where a debt is barred, the mortgage cannot be enforced" and that "[t]he lien is incident to the debt and does not stand separately." 42 F.3d at 966 (internal quotations omitted). Louisiana Civil Code article 3498 provides a prescriptive period for promissory notes of five years "from the day payment is exigible." Louisiana Civil Code article 3282 provides that a "[m]ortgage is accessory to the obligation that it secures. Consequently, except as provided by law, the mortgagee may enforce the mortgage only to the extent that he may enforce any obligation it secures." Thus, Louisiana, like Mississippi, "forecloses an action or proceedings to enforce a lien not brought within the time for commencing a suit on the debt involved." Muirhead, 42 F.3d at 966. Oliver has failed to identify any difference between Louisiana and Mississippi law in this respect. Accordingly, Oliver's attempt to distinguish Muirhead fails.[2]

In addition, article 3282 is not absolute. A mortgagee may enforce a mortgage if "provided by law" even if the obligation secured by the mortgage is

---

[2] On this point, to the extent that a recent Louisiana Court of Appeals decision can be read as reaching a contrary conclusion, we respectfully disagree. LLP Mortg., Ltd. v. Food Innovisions, Inc., No. 08-CA-422, 2008 WL 4737059, at *2 (La. Ct. App. Oct. 28, 2008)(not yet released for publication)(addressing a claim by a private successor to a federal agency). Because the case before us involves a suit by a federal agency regarding interpretation of federal law, we are bound to follow Muirhead, rather than a state court decision. We note, too, that the mortgage at issue in the Food Innovisions case does not appear to have included the waiver language quoted above.

not enforceable. LA. CIV. CODE art. 3282. 28 U.S.C. § 2415 distinguishes between actions for recovery on the promissory note and actions to foreclose on the security, Davidson, 44 F.3d at 249, and thus provides a basis for invoking the exception provided for in article 3282. Additionally, Oliver expressly waived the application of state law in signing the mortgages.

Oliver raises other issues, but all are a variation of the same theme: that Louisiana law somehow renders this mortgage unenforceable. All fail in the face of Muirhead, by which we are bound.

Accordingly, the judgment of the district court is AFFIRMED.